UNITED STATES, Appellee

v

JOHN E. NICHELSON, Private, U. S. Marine Corps, Appellant

18 USCMA 69, 39 CMR 69

No. 21,253

December 20, 1968

*Lieutenant Stephen W. Grafman,* JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant H. L. Moore,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Colonel C. R. Larouche,* USMC.

Opinion of the Court

QUINN, Chief Judge:

A divided board of review affirmed the accused's conviction by special court-martial of a number of offenses in violation of the Uniform Code of Military Justice. Relying upon several decisions by another Navy board of review, the accused appealed to this Court to reverse the conviction on the ground that he was not represented by proper counsel. See United States v Smith, NCM 68-795, decided March 28, 1968; United States v Harrell, NCM 68-0960, decided April 4, 1968; United States v Alexander, NCM 68-1082, decided April 19, 1968 (all unreported).

Two commissioned officers, Captain L. W. Surghnor, Jr., and First Lieutenant A. D. Beligotti, were named in court-martial appointing order, Serial 9-68, March 18, 1968. Captain Surghnor was designated defense counsel, and Lieutenant Beligotti was described as assistant defense counsel; neither was a lawyer in the sense of Article 27(b), Code, supra, 10 USC § 827. Nonlawyers were also appointed as trial counsel and assistant trial counsel to represent the Government in cases before the court. The order further provided that accused's case, which was then in the hands of trial counsel appointed by order Serial 2-68, January 18, 1968, would be tried by this court.[1] Under a heading in the record of trial captioned "Persons Absent," appear the names of two court members and that of appointed defense counsel. There is a further notation that Captain Surghnor "was absent with the consent of the accused." After trial counsel's announcement as to his qualifications, the president of the court-martial questioned the accused about his understanding of his right to counsel "as set forth in Article 38(b) of the Uniform Code of Military Justice." The accused acknowledged he had been informed of his rights and that he understood them. He also indicated he was satisfied "to proceed with . . . [his] appointed defense counsel." When trial counsel asked the standard question as to who would represent the accused, the reply was as follows:

"DC: The accused will be defended by the appointed Defense Counsel, First Lieutenant A. D. BELIGOTTI."

The proceedings continued in regular course through arraignment; entry of pleas of guilty to all charges; accused's acknowledgment that he understood the meaning and effect of the plea and the punishment to which he was subject; determination of the findings of guilty; and the imposition of sentence. Appended to the record of trial is a document titled "Memorandum of Pretrial Agreement." The document, dated March 18, 1968, is a standard form of offer to enter a plea of guilty. In it, the accused indicated he was "satisfied" with his "Defense Counsel." The document was signed by the accused and witnessed by Lieutenant Beligotti as "Defense Counsel." The description suggests that Lieutenant Beligotti may have been the designated defense counsel for the special court-martial appointed by Serial 2-68, to which the accused's case had earlier been referred, and that he acted as such from the date of service of charges upon the accused to reassignment of the case to the court-martial appointed by Serial 9-68. When the accused signed the pretrial agreement, therefore, Lieutenant Beligotti may, in fact, have been his appointed defense counsel. For the purpose of this appeal, however, we assume that, at all times important to

[1] A copy of Serial 2-68 is not included in the record of trial. The convening authority's endorsement on the charge sheet shows the case was referred to this court on February 15. The certificate of service of the charges indicates that the trial counsel of this court was also trial counsel of the court appointed by Serial 9-68. There is, however, no indication as to the defense counsel, other than in a pretrial offer by accused to plead guilty, which is discussed later in this opinion.

the case, Lieutenant Beligotti was never more than appointed assistant defense counsel. Also, since the validity of the pretrial agreement is not challenged by the accused, we pass over the question whether the accused's reference therein to defense counsel was intended to mean Captain Surghnor or Lieutenant Beligotti.

More than one counsel may be appointed to represent an accused. The convening authority is authorized to appoint a defense counsel and such assistant defense counsel as he "considers appropriate." Article 27(a), Code, supra. When two or more counsel are appointed they constitute a defense team; and all of them can expect to be called on to be present at the trial. United States v Tavolilla, 17 USCMA 395, 38 CMR 193. The Manual for Courts-Martial prescribes an inquiry at trial to determine that "a proper reason" exists for counsel's absence, and that the absence is "with the express consent of the accused." Manual for Courts-Martial, United States, 1951, paragraph 46c; see also United States v Tavolilla, supra, at page 400. As far as appears from the record, no inquiry was made to determine specifically that the accused consented to Captain Surghnor's absence. The proceedings are, therefore, irregular, but not every procedural irregularity amounts to prejudicial error. United States v Simpson, 17 USCMA 44, 47, 37 CMR 308; United States v Schmidt, 16 USCMA 200, 36 CMR 356.

Government counsel contend that, in the absence of challenge on the ground of fraud, an authenticated record of trial imports absolute verity to the proceedings. United States v Galloway, 2 USCMA 433, 9 CMR 63; United States v Albright, 9 USCMA 628, 26 CMR 408. They argue that the record notation that Captain Surghnor's absence was with the accused's consent is "conclusive" of the fact of consent, since the accused has not alleged that the note was fraudulently inserted into the trial transcript. Similar Government arguments were rejected in several of the board of re-

**72**

view opinions relied upon by the accused. The question is not free from doubt.

Some incidents of trial may be recorded by the reporter in summarized form, without detracting from the validity or the completeness of the transcript. For example, the administration of an oath or affirmation to court personnel and witnesses is not usually evidenced by verbatim recitation of the language of the oath or affirmation, but by a summarizing notation to the effect that the particular person was sworn or affirmed. See Manual for Courts-Martial, supra, Appendix 9a, pages 526–527. Notations of this kind refer to actual events occurring in the courtroom which were witnessed by the reporter. No source for the reference to Captain Surghnor's absence appears in the transcript before us. There is no indication that the statement was made in open court by anyone. True, in usual course, trial counsel announces the presence or absence of persons named in the appointing order, and he may, and generally does, give a reason for the absence. *Id.*, paragraph 41c, d(4), Appendix 8a, at page 501, and Appendix 9a, at page 526. While it might be unusual for trial counsel to express the accused's position as to the absence of one of the defense counsel, it is at least arguable that his announcement in open court may be taken as true, when unchallenged by the accused and other defense counsel who are present. Cf. United States v Cambridge, 3 USCMA 377, 12 CMR 133; United States v McLaughlin, 18 USCMA 61, 39 CMR 61. Here, however, the record does not attribute the statement to any responsible person. A silent record cannot be supplemented by speculation. United States v Mulvey, 10 USCMA 242, 27 CMR 316. Particularly is speculation to be avoided, if it can result in depriving the accused of all the counsel to whom he is entitled. There is, therefore, considerable persuasiveness in the board of review decisions, cited by the accused, which hold that an unidentified, albeit unchallenged, reference to defense counsel's absence is by itself insuf-

ficient evidence that the accused consented to counsel's absence. This record, however, contains more on the subject than the reporter's notation.

When a procedure is prescribed to insure that the record of trial will directly indicate the accused's consent to a condition or fact, that procedure should, of course, be followed. See United States v Smith, 15 USCMA 416, 35 CMR 388. The failure to adhere rigidly to the prescribed formula, however, is not necessarily reversible error. It is sufficient if the substance of what is said and done demonstrates that the accused has in fact given his consent, or was willing to forgo his right or privilege. United States v Cambridge, supra; United States v Boehm, 17 USCMA 530, 537, 38 CMR 328. Here, the accused acknowledged to the president of the court that he was willing to proceed with his "appointed Defense Counsel." The remainder of the colloquy clearly and indisputably demonstrates that the person referred to by the accused was Lieutenant Beligotti. We held a similar representation by the accused to constitute a waiver by him "of his entitlement to the presence and services of the other members of the defense." United States v Koren, 17 USCMA 513, 514, 38 CMR 311. We conclude, therefore, that if the record of trial is insufficient to show affirmatively that the accused consented to Captain Surghnor's absence, it is sufficient to demonstrate that he waived his right to the Captain's presence, and was willing to proceed with Lieutenant Beligotti as his counsel.

In a second assignment of error, the accused contends that, notwithstanding his willingness to proceed in the absence of appointed defense counsel, Lieutenant Beligotti, under Article 38 (e), Code, supra, 10 USC § 838, was not qualified to represent him at trial. Again, the accused relies upon several opinions by a Navy board of review. Although some of these opinions seem to rest upon a different ground than the broad principle of disqualification advanced by the accused, the issue raised by him is still present.[2]

Article 38(e), Code, supra, provides that an assistant defense counsel of a general or special court-martial "may, under the direction of the defense counsel or when he is qualified to be the defense counsel as required by section 827 of this title (article 827), perform any duty" imposed upon counsel for the accused. Implicit in the accused's argument is an assumption that defense counsel's absence from the trial precludes all possibility that he planned and directed the course of procedure followed by the assistant defense counsel. That assumption may not be justified, especially in a case like the present, in which the accused agreed before trial to enter a plea of guilty, and the defense effort on sentence was limited to an unsworn statement by the accused and a brief argument by counsel. Cf. Manual for Courts-Martial, supra, paragraph 47. Passing over this possible flaw, the essence of the accused's contention is that an assistant defense counsel must have the same qualifications as are prescribed for counsel for a general court-martial to be qualified to try a special court-martial case in the absence of the appointed defense counsel. No such limitation is imposed by the Uniform Code or the Manual for Courts-Martial.

Nothing in Article 38(e) limits assistant defense counsel to a particular kind of duty. To the contrary, the Article empowers him to "perform any duty" imposed upon a defense counsel. This broad grant of author-

[2] United States v Smith, NCM 68-795, decided March 28, 1968, indicates that qualification, rather than disqualification, would have resulted if the record had indicated that the accused had asked to be represented by assistant defense counsel and had consented to the absence of appointed defense counsel. United States v Alexander, NCM 68-1082, decided April 19, 1968, contains language and citation of authority indicating that, on the evidence, the assistant defense counsel did not provide the accused with effective assistance of counsel.

ity certainly includes, rather than excludes, handling the trial of the case in the absence of appointed defense counsel. As is expressly recognized in the Manual, the trial of a case may devolve upon an assistant counsel. Manual for Courts-Martial, supra, paragraphs 6d and 47. Under what circumstances then may assistant defense counsel conduct a trial?

Two situations in which duties of defense counsel may properly be performed by an assistant defense counsel are described in Article 38(e). The first is when assistant defense counsel acts "under the direction" of defense counsel; the second is when assistant defense counsel "is qualified to be the defense counsel as required" by Article 27. The two conditions are stated in the alternative, which means that one or the other is sufficient to allow assistant defense counsel to act. For the purpose of this appeal, we assume, but do not decide, that Captain Surghnor's absence from the trial meant that Lieutenant Beligotti was not acting under his direction. That leaves for consideration whether Lieutenant Beligotti was qualified to act because he was "qualified to be the defense counsel as required" by Article 27.

Article 27 prescribes qualifications for defense counsel in two separate subsections. Subsection (b) of the Article describes qualifications for counsel for a general court-martial; subsection (c) defines the qualifications of counsel for a special court-martial. On the record, Lieutenant Beligotti possessed the qualifications required for appointment as defense counsel for special courts-martial. According to the accused's theory, however, the Lieutenant's initial designation as assistant defense counsel prevented him from acting independently unless he possessed qualifications for counsel for a general court-martial, as described in Article 27(b). The Manual for Courts-Martial, supra, construes Article 38(e) differently. It postulates that an assistant defense counsel needs only

74

those qualifications described for defense counsel of the particular kind of court-martial in which he proposes to act. In other words, if assistant defense counsel is independently to try a case before a general court-martial, he must possess qualifications for defense counsel set out in Article 27(b); but if he acts as counsel in a special court-martial case, he need possess only the qualifications required for defense counsel in special courts-martial, as those qualifications are defined in Article 27(c). The construction of Article 38(e) is set out in paragraph 6d of the Manual for Courts-Martial, supra, at pages 11 and 12, as follows:

". . . If the conduct of the prosecution or the defense in any case before a general court-martial devolves upon an assistant counsel, such assistant counsel must be qualified in the sense of Article 27b (Art. 38d, e). The conduct of the prosecution or defense does not devolve upon an assistant if the trial counsel or defense counsel, as the case may be, is present in court. When the trial counsel or assistant trial counsel conducting the prosecution before a special court-martial is qualified as a lawyer in the sense of Article 27c, the defense counsel or, in his absence, the assistant defense counsel upon whom the conduct of the defense has devolved, must be similarly qualified (Art. 38e)."

The construction of Article 38(e) proposed by the accused is unwarranted by the language of the Article and is unsupported by any evidence of Congressional intention to achieve the results for which he contends. Conversely, the construction advanced in the Manual represents a reasonable reading of the Article, and is entirely consistent with the statutory pattern for qualification of defense counsel before courts-martial. See United States v Culp, 14 USCMA 199, 33 CMR 411. We conclude, therefore, that Lieutenant Beligotti was properly qualified to represent the accused in

the absence of the appointed defense counsel.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.