**UNITED STATES, Appellee,**

v.

**Yves W. JEANBAPTISTE, Private First Class, United States Army, Appellant.**

No. 34548.

CM 435008.

U. S. Court of Military Appeals.

Sept. 25, 1978.

For appellant—*Captain Demmon F. Canner* (argued); *Lieutenant Colonel John R. Thornock, Major Benjamin A. Sims* (on brief), *Major Andrew W. Maron, Captain Ralph E. Sharpe.*

For appellee—*Captain Landon P. Snell, III,* (argued); *Lieutenant Colonel R. R. Boller* (on brief), *Captain Laurence M. Huffman* (on brief), *Captain David P. Saxon* (on brief).

Opinion of the Court

COOK, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial, consisting of a military judge alone, of housebreaking, larceny, and conspiracy to commit those offenses, in violation of Articles 130, 121, and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 930, 921, and 881, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 3 years, total forfeitures, and reduction to Private (E-1). The findings and sentence were approved by the convening authority, but the period of confinement was reduced to 2 years by the United States Army Court of Military Review.

We granted review to determine whether the military judge improperly rejected the appellant's motion for a mistrial, or, alternatively, to recuse himself or permit appellant to withdraw his request for a bench trial. Additionally, we granted an issue which questions the procedure employed to comply with our mandate in *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), that a copy of the staff judge advocate's post-trial review be served on trial defense counsel.

We first address the motion for a mistrial. An Article 39(a)[1] session convened on April 7, 1976, with the appellant and two co-accused present. As a result of several motions and requests, the judge ruled that the three would not be jointly tried. Appellant's military defense counsel noted on the record that he did not desire to challenge the military judge, and the appellant submitted a written request for trial before judge alone. After assuring himself that appellant properly understood the effect of the request and his desire to be so tried, the military judge approved it. Appellant entered pleas of not guilty to all charges, and the judge announced that the court was assembled. Further proceedings, however, were continued to April 14.

When court reconvened, the Government called its first witness on the merits, but the witness refused to testify on the basis his answers would incriminate him. Pursuant to a defense request trial was again adjourned.

Trial resumed on April 16, and the witness was recalled to the stand. Again, he refused to testify. However, the witness had been granted immunity; the judge ordered him to testify. In response, the witness said: "Sir, if I answer that question, I'll be a dead man." Thereupon, he was excused. A second government witness was called, but he also refused to testify. The trial was adjourned, but reconvened on April 21, at which time the Government announced that it was prepared to proceed. Defense counsel made a motion as follows:

> Yes, Your Honor. We would like for the record to move for a mistrial at this point based upon the witnesses who testified previously ___ there was some indication by Henry from when he refused to testify that he was refusing to testify because of a threat and we feel that this can only be considered a detriment to the accused with the possible inference being that he made the threat. We believe, Your Honor, that since the government is going to proceed we believe that we have the opportunity to have perhaps another judge who did not see this. Thank you, sir.
> MJ: Your motion is denied. Is there anything else to be taken up at this time?

After the defense motion was denied, the defense counsel stated that appellant had indicated a desire to retain civilian counsel, and the defense, therefore, preferred another trial date. The trial was adjourned and reconvened on April 26, with civilian defense counsel present and he renewed the previous motion for a mistrial. Again, the judge denied the motion and civilian counsel requested an additional delay for the purpose of preparing for the trial. Government counsel agreed to make all the witnesses available for pretrial interviews by the defense, and the judge replied to the defense request as follows:

> I am __ as long as you definitely are going to go judge alone so we can plan

---

1. Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a).

our time around that decision. I think we could grant you a continuance until 8 o'clock Wednesday morning for this case and we will try the Saline case a little later in the day. But that will accommodate you by having only one day out here too.

Trial was adjourned, with the judge remarking that no more continuances would be granted; the trial reconvened on April 28. At this time, the defense submitted a written request for trial before court members. This request was denied, and the trial proceeded before military judge alone.

On appeal, the appellant submits that the judge should have declared either a mistrial or recused himself from the proceedings. Appellant argues that the testimony by the witness who indicated he would be killed if he testified raises an inference that the appellant had threatened him.[2] The appropriateness of a mistrial is a matter resting within the discretion of the trial judge, and his determination will not be reversed unless there is a clear abuse of his discretion. *United States v. Patrick,* 8 U.S.C.M.A. 212, 24 C.M.R. 22 (1957). A mistrial is appropriate "whenever circumstances arise that cast substantial doubt upon the fairness or impartiality of the trial." *United States v. Waldron,* 15 U.S.C.M.A. 628, 631, 36 C.M.R. 126, 129 (1966); *accord, United States v. Johnpier,* 12 U.S.C.M.A. 90, 30 C.M.R. 90 (1961); paragraph 56 *e,* Manual for Courts-Martial, United States, 1969 (Revised edition). A mistrial, however, is a drastic remedy and should be granted only where the circumstances demonstrate "a manifest necessity to terminate the trial to preserve the ends of public justice." *United States v. Simonds,* 15 U.S.C.M.A. 641, 644, 36 C.M.R. 139, 142 (1966). *Accord, United States v. Thompson,* 5 M.J. 28 (C.M.A.1978).

Appellant submits that a mistrial was appropriate because improper evidence was presented to the court. His argument is based on the assumption that the military judge had assumed that appellant was the source of a threat directed toward the witness. The receipt of improper evidence can be the basis of a declaration of a mistrial. *United States v. Johnpier, supra.* However, absent extraordinary circumstances, the receipt of improper evidence can be cured by remedies other than a mistrial, and the declaration of a mistrial is not required where its adverse impact can be neutralized by other means. *United States v. Shamlian,* 9 U.S.C.M.A. 28, 25 C.M.R. 290 (1958); *United States v. Patrick, supra.* In the present case, there was no explicit evidence that appellant was engaged in any misconduct; counsel merely speculated that the military judge so interpreted the witness' statement. Additionally, trial was before a judge alone, who may be presumed to disregard inadmissible evidence.[3] *United States v. Montgomery,* 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970). Accordingly, we conclude that, under the circumstances, the trial judge did not abuse his discretion by denying the motion for a mistrial.

We turn now to the request that the trial judge recuse himself. The standard expressed in paragraph 62f(13), Manual, *supra,* is that a judge should recuse himself when the circumstances of the case raise "substantial doubt as to [the] legality, fairness, and impartiality" of his further participation. *See United States v. Conley,* 4 M.J. 327 (C.M.A.1978); *United States v. Head,* 2 M.J. 131 (C.M.A.1977). In view of our previous conclusion that the circumstances of the present case do not raise a

---

2. The witness in question ultimately testified on the merits and on cross-examination, he was asked by the defense if the appellant had threatened him; he replied in the negative.

3. The general rule is that a trial judge's ruling on a motion is reviewed on the facts before the judge at that time. *See United States v. Richard,* 7 U.S.C.M.A. 46, 51, 21 C.M.R. 172, 177 (1956). However, an erroneous ruling may be found to be not prejudicial on the basis of the entire record. *Wallace v. United States,* 134 U.S.App.D.C. 50, 55, 412 F.2d 1097, 1102 n.4 (1969); *see also United States v. DeRosa,* 548 F.2d 464, 473 (3d Cir. 1977). As we have determined that the defense motion for a mistrial was properly denied, we need not consider the effect of this later testimony. *See* note 2, *supra.*

substantial doubt as to the fairness or impartiality of the trial, we likewise conclude that the judge was not required to recuse himself.

 Appellant's request to be tried by members was submitted after the trial judge had approved an earlier request for a bench trial and had announced that the court was assembled. In *United States v. Bryant,* 23 U.S.C.M.A. 326, 49 C.M.R. 660 (1975), the Court held that the question of whether to permit an accused to withdraw a request after the assembly of the court is a matter resting within the discretion of the trial judge. As held in *United States v. Wright,* 5 M.J. 106 (C.M.A.1978), his decision is subject to review for an abuse of discretion. In *Wright,* new circumstances arose after the accused's request for trial before judge alone had been approved that made a trial before members essential to the accused, without inconveniencing the Government; this balance impelled the conclusion that the judge had abused his discretion in denying the accused's application to withdraw his request for a trial before the judge alone. A mere change in trial tactics, however, does not require a judge to allow withdrawal of a request. *United States v. Thorpe,* 5 M.J. 186 (C.M.A.1978). In the present case, appellant was clearly advised of the differences between a trial before a judge alone and a trial before members. Additionally, he gave no indication he desired to withdraw from a trial before judge alone after his motion for a mistrial, or, alternatively, for recusal of the military judge, was denied. Indeed, the request to withdraw was submitted after an earlier adjournment with the parties anticipating a trial on the merits upon reconvening the trial. Under the circumstances, we conclude the military judge did not

abuse his discretion in denying the motion to withdraw from a trial before a judge alone.

 The remaining issue questions the propriety of the service of the post-trial review. After the trial, the appellant's appointed defense counsel submitted a post-trial brief pursuant to Article 38(c), UCMJ, 10 U.S.C. § 838(c), but because he had been temporarily reassigned to the United States Military Academy, he was not located at the situs of the trial when the post-trial review was prepared. Another counsel was detailed "assistant defense counsel" after trial, for the purpose of reviewing the post-trial review. In a memorandum attached to the post-trial review this counsel noted that he had contacted the trial defense counsel by telephone and was informed by him that he had received a copy of the review, but did not desire to submit matters in rebuttal. In a post-trial affidavit submitted before the Court of Military Review, trial defense counsel did not deny the representations of the "assistant defense counsel" but he asserted he did not have sufficient time to research the case and, therefore, did not interpose any objection to the post-trial review by the staff judge advocate. On the basis of the foregoing evidence, the Court of Military Review concluded the subsequent detailed counsel was not a substitute for the original counsel, but was only acting as an assistant. In view of the evidence reflecting that trial defense counsel was served with, and given the opportunity to respond to, the post-trial review, we agree that the requirements of *Goode* were met.[4]

The decision of the United States Army Court of Military Review is affirmed.

---

4. The record is silent as to whether the civilian defense counsel was contacted for the purpose of responding to the post-trial review. However, the appointed defense counsel was not excused from the proceedings and he continued to participate in the trial. Thus, he remained part of the defense team and, in the absence of evidence to the contrary, it may be presumed that he could properly submit comments or rebuttal to the post-trial review. *See United*

*States v. Nichelson,* 18 U.S.C.M.A. 69, 39 C.M.R. 69 (1968); *United States v. Tavolilla,* 17 U.S.C.M.A. 395, 38 C.M.R. 193 (1968). Accordingly, contrary to the position of the dissenting judge, as the military defense counsel who participated in the trial was given an opportunity to respond, we find it unnecessary to address civilian defense counsel's responsibilities in this area. *See United States v. Palenius,* 2 M.J. 86 (C.M.A.1977).

PERRY, Judge (concurring in the result):

I agree that in this case the Government has met the duty placed upon it in *United States v. Goode,* 1 M.J. 3 (C.M.A.1975), by serving a copy of the post-trial review upon "the defense." In the principal opinion, Judge Cook observes that "[t]he record is silent as to whether the civilian defense counsel was contacted for the purpose of responding to the post-trial review" and that since "the military defense counsel who participated in the trial was given an opportunity to respond, we find it unnecessary to address civilian defense counsel's responsibilities in this area." I have no doubt that civilian defense counsel have the same responsibilities concerning the representation of an accused as do the military defense attorneys under our decision in *United States v. Palenius,* 2 M.J. 86 (C.M.A. 1977). While I believe the better practice would be for the Government to separately serve copies of the post-trial review upon all counsel who may have represented the accused during his trial, I would not penalize the Government, as would our dissenting colleague, in a case, such as this one, where all parties agree the military defense counsel was served with a copy of the review. Neither the civilian defense counsel nor the accused has claimed before us that the accused was denied the effective assistance of his counsel. Therefore, I will presume that the counsel who did receive a copy of the review shared it with his civilian colleague and arrived at an agreed-upon course with respect to the performance of those functions we outlined in *United States v. Palenius, supra.*

FLETCHER, Chief Judge (dissenting):

I must dissent. It is uncontroverted in the record of trial that the appellant was represented by civilian counsel as well as the associate military defense counsel at his court-martial. *See* Article 38(b), Uniform Code of Military Justice. In addition, the record of trial indicates the name of this counsel, and the address of his place of business in Killeen, Texas, which is considerably closer to the situs of trial at Fort Hood, Texas, than West Point, New York. Yet, as indicated in the majority opinion, the record is silent as to service of the post-trial review on this counsel.

I do not believe our decision in *United States v. Palenius,* 2 M.J. 86, 93 (C.M.A. 1977) can be fairly construed to exclude, without reason, civilian counsel from the important post-trial responsibilities enumerated therein. In this case, there is no clear indication that the appellant knowingly and intelligently waived the performance of these duties by his civilian counsel. Moreover, the record shows no agreement between civilian counsel and his associate military counsel, with the consent of the appellant, that the military defense counsel would be entirely responsible for responding to the post-trial review. In such a situation, the agency theory relied on by the majority loses much of its persuasiveness. Likewise, I do not find that this new assistant defense counsel was acting under the lawful direction of the trial defense counsel in responding to this post-trial review.

The majority opinion indicates that since the appointed military defense counsel, who was transferred from the situs of trial, remained part of the defense team, it may be presumed, "in the absence of evidence to the contrary," that he could properly submit comments or rebuttal to the post-trial review. However, I am concerned with the apparent summary excusal of the civilian defense counsel, by the convening authority and the new assistant defense counsel, from carrying out his specific duty in the post-trial review. Both cases cited by the majority, *United States v. Nichelson,* 18 U.S.C. M.A. 69, 39 C.M.R. 69 (1968), and *United States v. Tavolilla,* 17 U.S.C.M.A. 395, 38 C.M.R. 193 (1968), require some affirmative showing in the record of trial of the consent of the accused to the absence of counsel and condemn such speculation on this issue based on a silent record. Moreover, considering the proximity of the civilian defense counsel to the situs of trial in the present case, the record should clearly indicate the circumstances surrounding any purported devolution of duties from the ci-

vilian defense counsel to military associate counsel to any assistant counsel appointed after the court-martial. *See* paras. 6 and 47, Manual for Courts-Martial, United States, 1969 (Revised edition).

Accordingly, there has not been sufficient compliance with *United States v. Goode,* 1 M.J. 3, 6 (C.M.A.1975). The decision of the United States Army Court of Military Review should be reversed and the action of the convening authority set aside. I would return the case to the Court of Military Review for a new action after proper service of the post-trial review.