UNITED STATES, Appellee,

v.

James Mac DAVIS, Interior Communications Technician Third Class, U. S. Navy, Appellant.

No. 34,284.

NCM 76–1968.

U. S. Court of Military Appeals.

Oct. 16, 1978.

Appearances: For Appellant—*Lieutenant Karl Zobrist*, JAGC, USNR (on brief); and *Lieutenant Christopher C. Henderson*, JAGC, USNR.

For Appellee—*Lieutenant Colonel P. N. Kress*, USMC; *Lieutenant Commander N. P. DeCarlo*, JAGC, USN (on brief); *Captain Christopher Miller Klein*, USMC (on brief); *Captain Mark M. Humble*, USMCR.

Opinion of the Court

PERRY, Judge:

The appellant was represented at trial both by privately retained civilian defense counsel and by detailed military defense counsel. Subsequent to trial but before completion of the staff judge advocate's post-trial review, the military defense counsel was discharged from the service. Upon completion of the review, a substitute defense counsel was designated to represent the appellant; and he was served with the post-trial review pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). The substitute defense counsel responded to the review, indicating that he noted no errors therein. However, he neither contacted the civilian defense counsel who continued to represent the appellant after trial, *see United States v. Palenius*, 2 M.J. 86 (C.M.A. 1977), in order to aid the civilian counsel to respond to the review, nor contacted the appellant in order to enter into an attorney-client relationship with him, *see United States v. Iverson*, 5 M.J. 440 (C.M.A. 1978), and *United States v. Brown*, 5 M.J. 454 (C.M.A.1978).

Under these circumstances, "the substitute defense counsel improperly purported to represent the appellant at that stage of the proceedings," *United States v. Brown, supra*, with the result that, as a matter of law, no one reviewed the post-trial review on the appellant's behalf, *see United States v. Hill*, 3 M.J. 295 (C.M.A.1977).

The decision of the United States Navy Court of Military Review is reversed and the action of the convening authority is set aside. The record is returned to the Judge

Advocate General of the Navy for further action consistent with *United States v. Iverson, supra,* and *United States v. Brown, supra.*

FLETCHER, Chief Judge:

I concur. *See* my dissent in *United States v. Jeanbaptiste,* 5 M.J. 374 (C.M.A.1978).

COOK, Judge (dissenting):

As I indicated in *United States v. Iverson,* 5 M.J. 440 (C.M.A.1978), separation of military counsel from the service justifies appointment of substitute counsel for the purpose of satisfying the *Goode*[1] rule. Consequently, in my view, trial defense counsel's release from the service authorized appointment of another military lawyer in his stead. The remaining question, therefore, is whether, in the circumstances of the case, the newly appointed counsel could properly take the action he took.

At trial, the accused was represented by civilian counsel, Mr. Sacks, a member of the Bar of the Commonwealth of Virginia, and he expressly asked that appointed military counsel continue in the case. In that situation, Mr. Sacks was chief counsel and the military lawyer was "associate counsel," as provided by Article 38(b), Uniform Code of Military Justice, 10 U.S.C. § 838(b). *See United States v. Tellier,* 13 U.S.C.M.A. 323, 32 C.M.R. 323 (1962).

When several lawyers represent the same party, allocation of responsibility for particular actions in the case rests with chief counsel, subject to the discretion of the judge as regards events in the courtroom, such as division of responsibility for conducting the examination of witnesses and division of parts of the opening and closing argument.[2] Notice of such allocation of responsibility may be made formally as part of the record of proceedings, *e. g.,* by way of a request in open court to allow examination of particular witnesses for or against

the client by one or another of the several lawyers of the defense team. The fact of allocation, however, may appear as an inference from the fact different counsel took different actions in the case. In this case, the transcript indicates that, without apparent request of, or notice to, the trial judge, civilian counsel cross-examined the government witnesses and argued various motions, while military counsel conducted the examination of the defense witnesses.

In my separate opinion in *Iverson,* I observed that "defense counsel at trial continues as such for the post-conviction proceedings before the convening authority." *See also United States v. Jeanbaptiste,* 5 M.J. 374 (C.M.A.1978). The statement is unqualified as to appointed military counsel, but it must be read with reservation as to a civilian lawyer.

The scope of a retained civilian lawyer's responsibility may be defined in his retainer. Thus, in retaining civilian counsel, an accused might expressly agree that, in the event of a verdict of guilty, civilian counsel will have no obligation to act in the case after the imposition of sentence by the court-martial. In that situation appointed military counsel would alone have the responsibility for examining and responding to the staff judge advocate's review, in satisfaction of the *Goode* rule. No evidence of a limited retainer appears in the record, and, accordingly, I am willing to assume that, as is true of military counsel, civilian counsel's connection with the case continued for the post-conviction proceedings incident to the convening authority's action. *See* my opinion in *United States v. Jeanbaptiste, supra* at 377 n. 4. But, it does not follow that service of the staff judge advocate's review must be made only on civilian counsel in order to satisfy the *Goode* rule. *Jeanbaptiste* held to the contrary.

In *Jeanbaptiste,* the accused was represented at trial by retained civilian counsel

---

1. *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975).

2. For present purposes I need not consider whether an "associate" counsel has more au-

thority than an "assistant" counsel. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 47.

and detailed military counsel. He was convicted. Between the conclusion of trial and the completion of the staff judge advocate's review, military counsel left the command on a temporary assignment to the U.S. Military Academy. In due course, he was served with a copy of the post-trial advice, and, thereafter, by telephone, apprised a detailed assistant defense counsel that he did not desire to submit any matter in response to the advice. The record did not indicate whether civilian counsel had been informed of the advice and afforded the opportunity to respond to it. In separate opinions, Judge Perry and I, representing a majority of the Court, agreed, as stated in Judge Perry's opinion, that it may be presumed "counsel who did receive a copy of the review shared it with his civilian colleague and arrived at an agreed-upon course." *Id.* at 378. *See also United States v. Nichelson*, 18 U.S.C.M.A. 69, 39 C.M.R. 69 (1968).

This case is different from *Jeanbaptiste* in that another military lawyer was substituted for the military counsel who had represented the accused at trial because the latter had left the service before preparation of the post-trial review. As I noted earlier, however, detail of another military lawyer to replace a defense counsel who had been separated from the service is proper. This new lawyer received, and formally responded to, the review, as "detailed defense counsel." In *United States v. Daly*, 4 M.J. 145, 146 (C.M.A.1977), the Court said that an "attorney and counselor in the bar of a court who appears in that court in behalf of a client is *presumed* to be so authorized." And, in the absence of evidence "implying the negative" the Court refused to "impugn the integrity" of the lawyer "by requiring . . . [him] to prove what he . . . has affirmatively represented to be a fact." (footnotes omitted). Not an iota of evidence in this record disputes the representation implied by counsel's formal appearance in the post-conviction proceedings, that a proper attorney-client relationship existed between the accused and newly detailed military counsel. With that relationship in effect, adhering to what the Court said and did in *Jeanbaptiste* requires that the Court sustain the procedure in this case as being in compliance with the *Goode* rule.

I would affirm the decision of the Court of Military Review.