UNITED STATES, Appellee,

v.

Specialist Five (E–5) Matthew G. CLARK, SSN 004–52–9383, United States Army, Appellant.

CM 438569.

U. S. Army Court of Military Review.

31 March 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Grifton E. Carden, JAGC, and Captain Dennis E. Brower, JAGC, were on the pleadings for appellant.

Major David McNeill, Jr., JAGC, Captain Brian X. Bush, JAGC, and Captain Michael C. Chapman, JAGC, were on the pleadings for appellee.

Before RECTOR, CARNE and O'DONNELL, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

At his trial in the Federal Republic of Germany, the appellant was represented by Samuel Cohen, a civilian attorney, in addition to his regularly detailed military counsel. Mr. Cohen stated for the record that he was the chief counsel and in fact acted in that capacity throughout the trial proceedings. Approximately two months after trial, a copy of the staff judge advocate review and an authenticated copy of the record of trial were received by the military defense counsel for the review in accordance with *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). The certificate of service was addressed to Mr. Cohen who during the interim had returned to his home in Maine. Two days after receipt of the record and review, the military counsel signed the certificate beneath Mr. Cohen's signature block indicating that he had no rebuttal to the review. After the record of trial was forwarded to the United States Army Judiciary, Mr. Cohen executed an affidavit which stated pertinently that he had never received a copy of the record or the review and that he did not recall having delegated this right to anyone.

The Court of Military Appeals in *Goode* established a rule which requires that a copy of the post-trial review "be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment." *United States v. Goode, supra* at 6. We are satisfied that this mandate has been met.

In *United States v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978), Judge Cook and Judge Perry agreed that as the detailed military counsel had been served with a copy of the review and given an opportunity to respond to it, the requirements of *Goode* were satisfied notwithstanding the fact that the accused was also represented at trial by a

civilian attorney. Judge Cook concluded that in the absence of evidence to the contrary it may be presumed that detailed military counsel may properly perform the *Goode* review. Judge Perry, concurring in the result, agreed that the *Goode* service was proper by presuming that the military counsel discussed the matter with the civilian attorney and arrived at a mutually agreeable course of action. Chief Judge Fletcher dissented. He would permit service on military counsel only when there was evidence of an agreement between counsel with the consent of the accused that military counsel would be solely responsible for the *Goode* review.

The instant case falls between these two extremes. At the time the military defense counsel performed the *Goode* review, there was no evidence indicating that he could not do so. By so acting, military counsel represented not only that he could act in his own right but, in view of the fact that the certificate was addressed to Mr. Cohen, he also represented that he was acting for him or with his authority. Under the circumstances, the staff judge advocate could properly rely on these representations.

As noted, however, the civilian counsel stated that he had not delegated authority to the military counsel to act for him. Significantly, Mr. Cohen did not state that he had informed military counsel that he could not act. We do not believe that civilian counsel's after-the-fact disclaimer invalidates the acts of the military counsel.

While we agree with Judge Perry that the better procedure is to serve a copy of the review on both civilian and military counsel, we cannot say that the procedure followed by the staff judge advocate in this case was erroneous or in any way prejudiced the substantial rights of the appellant. Even now, there is no contention by the appellant that the post-trial review is inaccurate in any respect. Moreover, the appellant has not been deprived of the effective assistance of counsel. We are not confronted with a substitute counsel or a counsel who had been discharged by the appellant. *See United States v. Davis*, 5 M.J. 451 (C.M.A.1978); *United States v. Ray*, 6 M.J. 60 (C.M.A.1978). The military counsel who conducted the review in this case was present throughout the trial. Accordingly, we hold that the requirements of *Goode* were satisfied.

The findings of guilty and the sentence are AFFIRMED.

Chief Judge RECTOR concurs.

CARNE, Senior Judge, dissenting:

Pursuant to his clear-cut statutory right,[1] this appellant, facing serious court-martial charges in Germany, retained civilian counsel from his native state of Maine. In addition, he also elected to be represented during the entire proceedings by military counsel detailed by the convening authority. Accordingly, at the Article 32 investigation (Article 32, UCMJ, 10 U.S.C. § 832), and throughout the trial, the appellant was represented by his civilian counsel, recognized by all parties as Chief Counsel, and detailed military counsel, recognized by all parties as the Assistant Defense Counsel.[2] Because of the Chief Counsel's other commitments and due to the length of investigation and trial proceedings, it became necessary for the Chief Counsel to make two separate round trips from Maine to Germany, which obviously resulted in considerable expense for appellant. It is abundantly evident from the record that all the foregoing facts were well-known to the staff judge advocate's office. Furthermore, the record contains no document or other evidence reflecting that the Chief Counsel, who had then returned

1. Article 38(b), Uniform Code of Military Justice, 10 U.S.C. § 838(b), [hereinafter UCMJ]; paragraph 48a, Manual for Courts-Martial, United States, 1969 (Revised edition).

2. In *United States v. Tavolilla,* 17 U.S.C.M.A. 395, 38 C.M.R. 193, 197 (1968), the Court of Military Appeals stated, "[I]n civilian practice, assistant counsel is subject to the direction and control of chief counsel  The military practice is the same. Article 27 [10 U.S.C. § 827], . . . clearly contemplates the primacy of authority and responsibility of defense counsel in relation to assistant defense counsel. Explicit recognition of his superior position appears in the Manual . . . paragraph 47." *See also United States v. Maness,* 23 U.S.C.M.A. 41, 48 C.M.R. 512 (1974).

to Maine, in any way delegated, waived, relinquished, or released his position of Chief Counsel to his detailed military assistant. Rather, an affidavit from the Chief Counsel, executed subsequent to the convening authority's action, plainly states that such a transfer of authority was never effected. Nevertheless, a copy of the staff judge advocate's review prepared in accordance with *Goode*,[3] although addressed to the Chief Counsel by name, was served only on Assistant Defense Counsel who presumably was collocated with the staff judge advocate office. After some two days this individual acknowledged receipt of the review by signing his name under the typed name of the Chief Counsel[4] and stated he had nothing to submit in rebuttal. In this regard, the record is absolutely silent of any communication or attempted communication by the Assistant Defense Counsel with the Chief Counsel, nor is there any specific showing of his authority to act for the Chief Counsel.

From the available facts and looking at the situation from the appellant's vantage point, I am satisfied he was short-changed in his post-trial representation. Surely under the unique facts of this case and particularly since there was no threat of a *Dunlap*[5] error, the Government with a minimum of effort and expense could have dispatched an additional copy of the review to the Chief Counsel in Maine. Such service on both counsel has been preferred as the better practice since the 1978 decision of *United States v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978) (Perry, concurring). The staff judge advocate as well as assistant Defense Counsel presumably are on notice of this preferred practice and should have followed it. What alarms me is that appellant suffers potential harm from the procedure utilized in this case. In effect without his knowledge and consent, a possible rebuttal to the staff judge advocate review has been sacrificed, a precious right because as the

*Goode* court recognized an accused's best opportunity for clemency rests at the convening authority level. As Chief Judge Fletcher opined in the dissent in *Jeanbaptiste*,

> I do not believe our decision in *United States v. Palenius*, 2 M.J. 86, 93 (C.M.A. 1977) can be fairly construed to exclude, without reason, civilian counsel from the important post-trial responsibilities enumerated therein. In this case, there is no clear indication that the appellant knowingly and intelligently waived the performance of these duties by his civilian counsel. Moreover, the record shows no agreement between civilian counsel and his associate military counsel, with the consent of the appellant, that the military defense counsel would be entirely responsible for responding to the post-trial review. In such a situation, the agency theory relied on by the majority loses much of its persuasiveness. . . .

In summary, I find that the appellant's fundamental right to an unfettered choice of counsel, a grant founded on the Sixth Amendment of the United States Constitution, has been denied. Appellant has obviously paid dearly for this right and is entitled to full representation after trial. *See United States v. Palenius*, 2 M.J. 86 (C.M.A. 1977). This right far outweighs any government convenience or economy and in my judgment the omission of service of the post-trial review and the record of trial on Chief Counsel was prejudicial error. *See United States v. Davis*, 5 M.J. 451 (C.M.A. 1978); *United States v. Ray*, 6 M.J. 60 (C.M.A.1978). I would set aside the action of the convening authority and direct further proceedings pursuant to *Goode*.

---

3. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

4. There are no words of agency or authority such as "for" or "acting for" or "on behalf of." Paragraph 46*d*, MCM, 1969 (Rev.), provides in pertinent part: "When the defense is in charge of individual counsel, civilian or military, the duties of defense counsel as associate counsel are those which the individual counsel may designate."

5. *Dunlap v. Convening Authority*, 23 U.S.C. M.A. 135, 48 C.M.R. 751 (C.M.A.1974).