# UNITED STATES

v.

**Staff Sergeant Antonio ALMEIDA, FR 452–04–4307, United States Air Force.**

**ACM 24535.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 July 1984.

Decided 18 Jan. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Lieutenant Colonel Patrick C. Sweeney and Captain Raymond J. Hardy, Jr., USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before HODGSON, FORAY and MURDOCK, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant urges that the trial judge erred when he failed to grant a mistrial after the disclosure of an out-of-court conversation between a court member and a witness who was the appellant's former spouse. The member, upon inquiry, acknowledged that he spoke with the witness but stated their meeting was brief and limited to a discussion of Thai cooking. His version of the encounter was confirmed by others who overheard the conversation.

The military rule on this point is clear and states that private communications between court members and witnesses are absolutely forbidden and will invalidate a verdict unless the Government establishes that the contact was harmless. It follows that the presumption of prejudice that arises from communications between court members and a witness is a rebuttable one. *United States v. Adamiak,* 4 U.S.C.M.A. 412, 15 C.M.R. 412 (1954); *United States v. Ginn,* 44 C.M.R. 484 (A.C. M.R.1971), *pet. denied,* 44 C.M.R. 939 (C.M. A.1972). Our examination of the transcript convinces us the Government successfully sustained its burden of rebutting the presumption of prejudice. It is clear that the trial was not the topic discussed, but rather Thailand, where the witness was born, and its food, about which the court member had fond memories. The conversation while improper was harmless. *Accord United States v. Henderson,* 11 U.S.C.M.A. 556, 29 C.M.R. 372 (1960). The trial judge did not abuse his discretion in denying the request for a mistrial. *United States v. Jeanbaptiste,* 5 M.J. 374 (C.M.A.1978).

While the lack of prejudice is readily apparent in this case, encounters of this sort have the potential to lessen public confidence in the proceedings. We are convinced that similar situations can be avoided in the future by the trial judge cautioning the members, during his preliminary instructions, to abstain from private communications of any kind with witnesses, officers of the court and third persons. The trial bench, we are confident, shares our concern and will instruct the members appropriately early in the trial. Additionally, appellate defense counsel move * that we consider documents provided by the appellant as a *pro se* brief in his behalf. *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982). We have considered the areas of concern he has identified and find no

* The MOTION FOR LEAVE TO FILE DOCU- MENTS is GRANTED.

error. The finding of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge and MURDOCK, Judge, concur.