**UNITED STATES, Appellee,**

v.

**Private First Class Ralph K. ANTONIO, 575–78–7583, United States Army, Appellant.**

**SPCM 21025.**

U.S. Army Court of Military Review.

15 July 1985.

---

Lieutenant Colonel William P. Heaston, JAGC, Captain Harry L. Williams, Jr., JAGC, and Captain Craig E. Teller, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Captain Robert L. Swann, JAGC, and Captain Edmond R. McCarthy, Jr., JAGC, were on the pleadings for appellee.

Before MARDEN, PAULEY, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

MARDEN, Senior Judge:

Appellant was convicted, in accordance with his pleas, of distribution of hashish in violation of Article 134, Uniform Code of Military Justice (hereinafter referred to as UCMJ), 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confine-

ment at hard labor for two months, forfeiture of $367.00 per month for two months [1] and reduction to the grade of Private E–1. The convening authority approved the sentence.

After appellant's trial and prior to completion of the staff judge advocate's recommendation pursuant to Rule for Courts-Martial (hereinafter referred to as RCM) 1106, appellant's detailed trial defense counsel departed on permanent change of station from Europe. The Senior Defense Counsel, United States Army Trial Defense Service, appointed Captain (CPT) B as substitute defense counsel for the purpose of representing appellant and performing post-trial functions "to include any responses to the staff judge advocate's recommendation." In this representative capacity, Captain B submitted both a response to the staff judge advocate's recommendation and a petition for clemency. Affidavits submitted to this court by CPT B clearly establish CPT B formed an attorney-client relationship with appellant.[2]

Appellant urges that we order a new review and action on the grounds that the record fails to affirmatively establish that he accepted CPT B as counsel for the purpose of performing post-trial functions. He further alleges that even if we find that an attorney-client relationship was formed between appellant and CPT B, it was legally unwarranted. We do not agree.

When there is an established attorney-client relationship, it is generally not permissible for the government to provide a substitute defense counsel to provide post-trial representation. *United States v. Goode*, 1 M.J. 3 (C.M.A.1975); *see also United States v. Palenius*, 2 M.J. 86 (C.M.A.1977).[3] "Absent a truly extraordinary

---

1. The military judge sentenced appellant to forfeiture of $367.00 per month for two months. The convening authority should have applied the forfeitures to pay only. We will remedy this error in our decretal paragraph.

2. Use of such extra-record affidavits is appropriate to decide questions such as the one before us. *See United States v. Davis*, 3 M.J. 430 (C.M. A.1977).

3. *Goode* held that the staff judge advocate's post-trial review required by Article 61, UCMJ, 10 U.S.C. § 861 (1968), was to be served on counsel for the accused to give him the opportunity to reply to matters he deemed "erroneous, inadequate or misleading." *United States v. Goode*, 1 M.J. at 7. In *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977), the court mandated that trial defense counsel continue to represent the accused

circumstance rendering virtually impossible the continuation of the established [attorney-client] relationship, only the accused may terminate the existing affiliation with his trial defense counsel prior to the case reaching the appellate level." *United States v. Iverson,* 5 M.J. 440, 442–43 (C.M.A.1978). In *Iverson,* the Court of Military Appeals held that it was improper for the government to have served the post-trial review on the accused's substitute counsel located at the United States Disciplinary Barracks in Kansas when his trial defense counsel remained available for representation at the installation at which appellant was tried. Defense counsel's reassignment, even to another continent, has been held insufficient to warrant substitution. *United States v. Covert,* 6 M.J. 55 (C.M.A. 1978) (summary disposition); *United States v. Curtis,* 6 M.J. 48 (C.M.A.1978) (summary disposition); *United States v. Barnes,* 6 M.J. 50 (C.M.A.1978) (summary disposition). However, an appellant may assent to the substitution of counsel to represent him in the post-trial process. *United States v. Annis,* 5 M.J. 351 (C.M.A. 1978).

■ Considering the circumstances presented to us by this case, we find that substitute defense counsel contacted the appellant and appellant did indeed consent to CPT B's representation. Any error in the severance of appellant's attorney-client relationship with his original trial defense counsel must be considered waived. We further find the purposes of *United States v. Goode,* 1 M.J. 3, fulfilled and the duties required by *United States v. Palenius,* 2 M.J. 86, properly performed. Thus, appellant cannot rightly now be heard to complain.

Appellant's contentions are premised primarily on the Court of Military Appeals' decision in *United States v. Brown,* 5 M.J. 454 (C.M.A.1978). In *Brown,* the Court held that absent any indication in the record that the substitute counsel ever con-tacted the appellant, it would not find that a legitimate attorney-client relationship was established. *Accord United States v. Iverson,* 5 M.J. 440, Judge Cook strongly dissenting, stating that "the representation by a lawyer in a formal proceeding that he is counsel to a party imports an established attorney-client relationship between them; and, in the absence of evidence to the contrary, such representation is sufficient proof of the fact of the relationship." *United States v. Brown,* 5 M.J. at 456. We find *Brown* and *Iverson* are distinguishable from the instant case in that the records in those cases affirmatively indicated that substitute counsel *did not* contact those appellants.

■ Additionally, although we do not condone the approximately one month period between the time appellant's trial defense counsel left Europe and the date when substitute counsel was designated, it does not appear that appellant suffered any prejudice due to this lacuna.

Accordingly, the findings of guilty and only so much of the sentence as provides for reduction to the grade of E–1, confinement for two months, forfeiture of $367.00 *pay* per month for two months, and a bad-conduct discharge are affirmed.

Judge PAULEY and Judge WERNER concur.

---

after trial. The representation was to include preparation of responses to the staff judge advocate's review, assistance with the initial appeal and such other advice and assistance as required to protect the accused's rights until substitute or appellate counsel was provided.