UNITED STATES, Appellee,

v.

Private Rodney J. EDWARDS, U. S. Army, Appellant.

No. 31,318.
SPCM 11250.

U. S. Court of Military Appeals.

July 7, 1980.

For Appellant: *Captain Courtney B. Wheeler* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Captain Willard E. Nyman, III, Captain R. Wade Curtis* (on brief); *Colonel Robert B. Clarke, Lieutenant Colonel John F. Lymburner, Major Carlos A. Vallecillo, Captain Buren R. Shields, III, Captain Robert L. Gallaway.*

For Appellee: *Captain Michael E. Pfau* (argued); *Colonel Thomas H. Davis, Major Michael B. Kennett* (on brief); *Lieutenant Colonel R. R. Boller, Major Ted B. Borek, Captain Douglas P. Franklin, Captain Brian X. Bush.*

*Opinion of the Court*

PER CURIAM:

This appellant was represented by Captain Volger at his special court-martial in Germany. Evidence of record manifested that Captain Volger had not received an authenticated record prior to the convening authority's action. By order, this Court ordered a new review on the basis of *United States v. Cruz-Rijos,* 1 M.J. 429 (C.M.A. 1976). This special court-martial was originally tried prior to our decision in *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). The ordered new review, subsequent to *Goode,* was accomplished on July 28, 1976, at Fort Hood, Texas, where an attorney, Captain Young, submitted a rebuttal in the form of

a plea for restoration to duty.[1] In April 1977, this Court granted appellant's second Petition for Grant of Review to examine whether the appellant was prejudiced by the service upon substitute defense counsel of a copy of the second staff judge advocate's post-trial review. Pursuant to *United States v. Iverson*, 5 M.J. 440 (C.M.A. 1978), we conclude that the Government has improperly interrupted an established attorney-client relationship.

The record discloses no formal appointment of Captain Young as substitute defense counsel. The appellant contacted Captain Young at the Fort Hood Office of the Staff Judge Advocate for legal advice. When the new post-trial review was prepared, it was served on Captain Young as the attorney advising the appellant. Captain Young avers that he explained the proceedings to the appellant, advising him of the actions which could be taken, and explaining how he could function as counsel for service of the staff judge advocate's second post-trial review; that he did not discuss with appellant the possibility of requesting the services of the original trial defense counsel, and appellant never asked about such a possibility; that there was neither a formal acceptance nor a formal rejection of Captain Young by the appellant; and that Captain Young worked with the appellant, discussed the issues with him, obtained recommendations for clemency, and submitted a plea for clemency to the new convening authority in the appellant's case.

Nor does the record document any action by the accused that can fairly be construed as a voluntary waiver of the attorney-client relationship he had with Captain Volger. We note that the allied papers contain an affidavit from Captain Young, detailing his relationship with the accused, which in-

cludes: "(c) Private Edwards never made any inquiry of me as to why his original counsel was not representing him nor did he express any desire for a different defense counsel."

■ *United States v. Iverson, supra,* disallows substitution of counsel for administrative convenience under *Goode.* Cf. *United States v. Jean Baptiste,* 5 M.J. 374 (C.M. A.1978). The record does not indicate that the defense counsel was unavailable to represent appellant. At the time of the second action, Captain Volger was assigned to Headquarters, 8th Infantry Division, APO New York 09111, and was the only counsel of record detailed under Article 27, Uniform Code of Military Justice, 10 U.S.C. § 827. From the record there is *no showing* that the appellant consented to the termination of Captain Volger's services. *Iverson* clearly indicates:

[I]t would seem logical to demand that the attorney who does perform the *Goode* task normally be the trial defense counsel. The attorney who so acts is required to have a thorough grasp of the facts and the law involved in an accused's trial and to be capable of digesting the post-trial review in light of those facts and law so as to file a meaningful response to the review, if any there be, within 5 days of having been served. By placing the burden on counsel to perform such a duty within this short period, we believe the Court in *Goode* contemplated that, normally, the trial defense counsel would fill this role.

5 M.J. at 442.

Thus the Court laid down the rule that:

[a]bsent a truly extraordinary circumstance rendering virtually impossible the continuation of the established relation-

1. Convicted, contrary to his pleas, of failure to obey an order, wrongful appropriation of $20.00, and assault, in violation of Articles 91, 121 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 891, 921 and 928, respectively, appellant was sentenced to a bad-conduct discharge, and confinement and partial forfeitures for a period of 4 months. The convening authority approved the findings and sentence and the Army Court of Military Review affirmed the same. In June 1976 this Court acted on appellant's Petition for Grant of Review by reversing the decision of the Army Court of Military Review and vacating the post-trial review and the action of the convening authority and returned the record for a new review and action. Upon completion of the new review at the convening authority level, the Army Court of Military Review again reviewed and affirmed the findings and sentence.

ship, only the accused may terminate the existing affiliation with his trial defense counsel prior to the case reaching the appellate level.

*Id.* (footnotes omitted.)

■ As, in the instant case, there is no knowing and voluntary severance of the appellant's right to Volger's services, nor is any extraordinary circumstance manifest, we do not believe that this failure to permit trial defense counsel to fulfill his role under *United States v. Goode, supra,* and *United States v. Palenius,* 2 M.J. 86 (C.M.A.1977), can be dismissed as nonprejudicial.

The decision of the United States Army Court of Military Review is reversed and the action of the convening authority is set aside. The record is returned to the Judge Advocate General of the Army for remand for a new review and action to be taken after compliance with the mandate of *United States v. Goode, supra,* as interpreted herein.

COOK, Judge (dissenting):

In my opinion in *United States v. Iverson,* 5 M.J. 440, 445, 447 (C.M.A.1978), I indicated my conviction that the intention of Congress and of case precedents in this Court established that "when a case leaves the command level, the attorney-client relationship between the accused and military counsel at that level ends by operation of law." I still have that view. However, assuming that my Brothers, not I, correctly construe the congressional intention, I am constrained to disagree with their conclusion that a new post-conviction attorney-client relationship, for the purpose of compliance with the rule promulgated in *United States v. Goode,* 1 M.J. 3 (C.M.A.1975), was not properly established.

This case is before us for a third time. On the initial review,[1] by unpublished order,[2] we remanded for a new post-conviction review by a staff judge advocate and action by a convening authority because of the failure to furnish the accused with an authenticated copy of the record of trial. *See United States v. Cruz-Rios,* 1 M.J. 429 (C.M.A.1976). On the second application to this Court, *Iverson* was then pending. Although the petition set forth no assignments of error, the Court nonetheless granted review on the specified issue of whether accused was "prejudiced by serving substitute defense counsel with a copy of the second staff judge advocate review." 3 M.J. 115 (C.M.A.1977). The Government moved to obtain disclosure of the relationship between the accused and a Captain Young, who had described himself as "Defense Counsel" in a document captioned "Reply to Post-Trial Review" that was submitted on the second staff judge advocate's review that had been directed by the Court. Thereupon, the Court vacated the grant of review and remanded the record to the Court of Military Review for "resolution" of the matter. 3 M.J. 385 (C.M.A.1977).

On the remand, the Court of Military Review obtained information from Captain Young. From the evidence, the court found that, for purpose of compliance with the *Goode* rule, an attorney-client relationship existed between Captain Young and the accused. In its opinion, the court noted that Captain Young had "offered his services; they were accepted by appellant; and counsel acted on . . . [the appellant's] behalf." 4 M.J. 821, 822 (A.C.M.R.1978). In my opinion, the evidence before the Court of Military Review more than amply supports the court's findings of fact. Evidentially supported findings of fact are binding upon this Court. *United States v. Martin,* 1 M.J. 75 (C.M.A.1975).

A further reason exists to hold against the accused. When the case was before the Court of Military Review for review of the post-conviction proceedings that involved Captain Young, appellate defense counsel assigned no errors. However, relying upon new evidence appended to Captain Young's reply to the staff judge advocate's review, which evidence appellate defense counsel described as "impressive," counsel urged the

---

1. Petition for review granted, 23 U.S.C.M.A. 739 (1975).

2. The substance of the decretal portion of the order appears at 5 M.J. 1090 (C.M.A.1976).

court to disapprove the bad-conduct discharge. In his brief, appellate defense counsel referred to Captain Young as "counsel for appellant." Irrefutably, therefore, instead of disavowing the substitute defense counsel's action "at the first opportunity available to" him, as in *United States v. Iverson, supra* at 450, the accused and his appellate defense counsel affirmatively used substitute counsel's work product. Such utilization of the work of substitute counsel on behalf of the accused "cannot now, in my opinion, [be] repudiate[d]." *United States v. Brown*, 5 M.J. 454, 455, 457 (C.M.A.1978) (Cook, J., dissenting).

For the reasons indicated, I would affirm the decision of the Court of Military Review.