UNITED STATES, Appellee,

v.

David L. ELLIOTT, Private, U. S. Army, Appellant.

No. 36,144.

CM 435475.

U. S. Court of Military Appeals.

April 27, 1981.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Captain Demmion F. Canner,* and *Captain William J. Carter* (on petition).

For Appellee: *Colonel Thomas H. Davis, Captain Paul W. Jacobson, Captain Landon P. Snell, III.* (on petition); *Colonel R. R. Boller, Captain Laurence M. Huffman* and *Captain Kenneth H. Clevenger.*

Opinion of the Court

PER CURIAM:

At his general court-martial [1] the appellant was represented, for the purposes of *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975), solely by a civilian counsel of Heidelberg, Germany, a Mr. Hart. The detailed defense counsel was excused. Mr. Hart responded, on November 23, 1976, to the staff judge advocate's review presented to the convening authority in Germany. The accused had been transferred to Fort Leavenworth, Kansas, on October 6, 1976. The following August, the United States Army Court of Military Review ordered a new staff judge advocate review, citing error in the initial review's comments dealing with the admission of accused's pretrial statements about the sale of marihuana.

A newly assigned counsel commented and rebutted the second staff judge advocate's review on December 5, 1977, making objection to the absence of a witness, and commenting on the appropriateness of the sentence. The commander at Fort Leavenworth approved the sentence as adjudged on the 6th of December.

The record contains an affidavit detailing the new defense counsel's assignments, his

---

1. Appellant was tried by general court-martial at Bad Kreuznach, Federal Republic of Germany. He was found guilty of possession of hashish, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and was sentenced to a bad-conduct discharge, confinement at hard labor for 6 months, forfeiture of $240.00 pay per month for 4 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence. The United States Army Court of Military Review set aside the action of the convening authority and ordered a new review and action. Later the convening authority approved the original sentence, following a new review by his staff judge advocate. On April 27, 1978, the Court of Military Review affirmed the approved findings and sentence without opinion.

telephonic contact with the appellant who then had completed his term of confinement, and his timely service of objections on the staff judge advocate. There is evidence in the record of the civilian counsel's location, but no evidence of the discontinuance of his representation so that he would not be required to perform these post-trial duties on behalf of accused.

We granted review in this case (6 M.J. 4) to consider the effect of this failure to serve a copy of the post-trial review on appellant's civilian defense counsel who solely represented him at trial. Under the doctrine of *United States v. Iverson*, 5 M.J. 440 (C.M.A.1978), we are compelled to reverse the decision of the court below.

The court addressed a similar issue in *United States v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978). That case involved at trial an appointed defense counsel and a civilian attorney. Regarding post-trial responsibilities, the appointed defense counsel was not located at the court-martial situs and, when contacted telephonically by a substitute counsel, "did not interpose any objection to the post-trial review" because he "did not have sufficient time to research the case." Judge Cook, in his lead opinion, concluded with the lower court that another appointed counsel, in submitting an Article 38(c) brief, was not interposing himself as "a substitute for the original counsel, but was only acting as an assistant." *Id.* at 377. While the record was silent regarding any contact with the civilian attorney for these purposes, Judge Cook was willing to assume his opportunity to present "comments or rebuttal" and, therefore, found "it unnecessary to address civilian defense counsel's responsibilities in this area." *Id.*, n.4. Judge Perry, concurring in the result, opined that the *Goode* burden was "met ... by serving a copy of the post-trial review upon 'the defense,'" and presumed both that the counsel receiving the review "shared it with his civilian colleague" and that "the performance of" post-trial duties was "agreed-upon." *Id.* at 378. Unwilling to accept these assumptions, Chief Judge Fletcher, in his dissent, emphasized that the civilian counsel, under the reasoning of *United*

*States v. Palenius*, 2 M.J. 86 (C.M.A.1977), should not be excluded from the important post-trial responsibilities. In the face of a silent record showing no inclusion of the appointed counsel or civilian counsel in the process or any knowing or intelligent waiver on the part of the accused of the performance by them by these duties, there was insufficient compliance with *Goode*.

The majority of the Court, subsequently, in *United States v. Davis*, 5 M.J. 451 (C.M.A.1978), reversed the lower court where a substitute defense counsel was served with the post-trial review and responded, offering no criticism or counter-analysis. However, the record revealed that:

he neither contacted the civilian defense counsel who continued to represent the appellant after trial, *see United States v. Palenius*, 2 M.J. 86 (C.M.A.1977), in order to aid the civilian counsel to respond to the review, nor contacted the appellant in order to enter into an attorney-client relationship with him, *see United States v. Iverson*, 5 M.J. 440 (C.M.A.1978), and *United States v. Brown*, 5 M.J. 454 (C.M.A.1978).

Then, in *United States v. Brown, supra*, where there was no actual contact between substituted counsel and the accused, a per curiam opinion directed the proper authority to ascertain the actual unavailability of the trial defense counsel. If unavailable, the court directed the appointment of a substitute counsel who would enter into an attorney-client relationship with the accused. *Cf. United States v. Annis*, 5 M.J. 351 (C.M.A.1978).

Unlike *United States v. Jeanbaptiste, supra*, the facts of the instant case call for a different result. *See United States v. Davis, supra*. Here the record clearly indicates the civilian was the principal counsel for the defense. He made the active response to the initial review, and later that review was ordered redone by the United States Army Court of Military Review. In spite of no indication of severance of this relationship, once the second review was

completed at Fort Leavenworth (where appellant had served his sentence), no attempt was made to serve the review on counsel Hart, permanently located in Germany. This circumvention, presumably for governmental administrative convenience, derogates the attorney-client relationship upheld in this Court's decision in *United States v. Palenius, supra.*

As in *United States v. Iverson, supra*, in the instant case "[t]here is no indication that the appellant's trial defense counsel was not available to continue to represent his client." *Id.* at 444. While it is perfectly clear that an accused may consent to the severance of a prior relationship and substitution of the services of a counsel not present at trial to perform post-trial defense functions, such a knowing and voluntary waiver is not manifested in the instant record. Furthermore, there is no showing of good cause of an extraordinary nature to warrant interference with the established attorney-client relationship as detailed in *United States v. Iverson, supra. See United States v. Edwards*, 9 M.J. 94 (C.M.A. 1980). Therefore, we are compelled to reverse the decision of the court below and return the record of trial to the Judge Advocate General of the United States Army for reference to a convening authority for a new review and action.

* *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975).

COOK, Judge (dissenting):

I have previously expressed my view that an attorney-client relationship, for the purpose of the *Goode* * requirement, ends by operation of law, when a case leaves the command level. *United States v. Edwards*, 9 M.J. 94, 96 (C.M.A. 1980); *United States v. Iverson*, 5 M.J. 440, 445, 447 (C.M.A. 1978). In any event, evidence before the Court reflects that appellant established an attorney-client relationship with the new defense counsel. In my opinion, appellant's acceptance of the new defense counsel terminated any responsibility retained by the original defense counsel. *See* my dissents in *United States v. Brown*, 5 M.J. 454, 455 (C.M.A. 1978), and *United States v. Davis*, 5 M.J. 451, 452 (C.M.A. 1978). *See also United States v. Stewart*, 5 M.J. 210 (C.M.A. 1978).

As I find no error in the present proceedings, I need not now decide if *United States v. Dawson*, 10 M.J. 142 (C.M.A. 1981), which rejected the holding in *Goode* that a hearing is not required to invoke a good-conduct provision in a pretrial agreement, requires reexamination of the automatic reversal rule for failure to comply with *Goode* as established in *United States v. Hill*, 3 M.J. 295 (C.M.A. 1977). Indeed, it is arguable that the requirement for service of the staff judge advocate's post-trial review upon trial defense counsel has been undermined by *Dawson*.