**UNITED STATES, Appellee,**

v.

**Matthew G. CLARK, Specialist Five, U.S. Army, Appellant.**

No. 39,042.
CM 438569.

U. S. Court of Military Appeals.

May 4, 1981.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Grifton E. Carden* and *Captain Dennis E. Brower* (on brief).

For Appellee: *Colonel R. R. Boller, Major Ted. R. Borek, Captain Paul G. Thomson, Captain Michael C. Chapman* (on brief) and *Captain Brian X. Bush.*

*Opinion of the Court*

PER CURIAM:

At his general court-martial [1] held in Germany, the appellant was represented by a civilian defense counsel, Mr. Samuel G. Cohen of Maine. An assigned trial defense counsel also served, though the record shows that the active representation at all trial stages was performed by the civilian attorney. The record further reveals no attempt to serve Mr. Cohen (despite the availability of his address) with the post-trial review; however, it was served on the detailed military counsel who made no response. By affidavit, Mr. Cohen stated to the court below that he expected to complete the job he was contractually, morally, and ethically bound to finish, but that the Government has not accorded him the right to do so.

Pursuant to *United States v. Iverson*, 5 M.J. 440 (C.M.A.1978), the Government may not improperly interrupt an established attorney-client relationship. *Iverson* will not allow "substitution of counsel" under *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), "for [mere] administrative convenience." *United States v. Edwards*, 9 M.J. 94, 95 (C.M.A.1980); *cf. United States v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978).

Failure to serve civilian counsel with the post-trial review in this case did not permit him to fulfill his roles under *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977) and *United States v. Goode, supra,* and this

---

1. Tried before military judge sitting alone, the accused was found guilty of a Charge and three specifications of sodomy and was sentenced to a dishonorable discharge, confinement at hard labor for 3 years, total forfeitures and reduction to E 1. The convening authority approved the sentence. After an affirmance by the Army Court of Military Review, we granted appellant's petition for review. 9 M.J. 198 (1980).

failure cannot be dismissed as nonprejudicial. *United States v. Elliott,* 11 M.J. 1 (C.M.A.1981). The decision of the United States Army Court of Military Review is reversed, 9 M.J. 539, and the action of the convening authority is set aside. The record is returned to the Judge Advocate General of the Army for remand to a convening authority for a new action to be taken after compliance with the mandate of *United States v. Goode, supra,* in accordance with this opinion.

COOK, Judge (dissenting):

Here, the post-trial review certificate of service was signed by military defense counsel in a signature block designated for civilian defense counsel. In an affidavit, civilian defense counsel asserted that he did "not recall having delegated ... [his] right to receive same," he did not assert that military counsel had acted without authority in the matter. In my opinion, the Government acted reasonably when it served military counsel rather than civilian counsel because civilian counsel had returned to Maine from Schweinfurt, Federal Republic of Germany, the situs of the trial. Indeed, the majority opinion is inconsistent with *United States v. Jeanbaptiste,* 5 M.J. 374 (C.M.A.1978), where both Judge Perry and I held that service of the post-trial review on military counsel was permissible. Although Judge Fletcher disagreed, his dissenting opinion did not represent the majority view. Accordingly, this case overrules *Jeanbaptiste* and I, therefore, dissent to the disposition ordered by today's majority.