UNITED STATES

v.

**Harvey R. SHERROD, 083 50 2935, Boiler Technician Fireman Apprentice (E–2), U. S. Navy.**

**NMCM 82 0155.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 30 Sept. 1981.

Decided 31 March 1982.

MAJ James P. Axelrod, USMC, Appellate Defense Counsel.

LT Sandra R. Ganus, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, JJ.

PER CURIAM:

Appellant, pursuant to his pleas, was convicted at a general court-martial bench trial of several offenses arising from a course of conduct in which he and a co-actor created for accused a false military identification card in the name of one Arthur Lloyd Wright, thereafter utilizing the identification card to utter a U. S. Treasury check. The check had been issued for payment to the order of the aforesaid Wright currency in the amount of $293.00 but had been fraudulently altered by appellant's co-actor to require payment of $1,993.00. Appellant subsequently escaped from the custody of security police forces after being apprehended by them for the above offenses. Appellant was sentenced to be confined at hard labor for one year, to forfeit all pay and allowances for a like period, to be reduced to the lowest enlisted pay grade, E–1, and to be discharged from the naval service with a bad-conduct discharge.

Appellant's pleas, having been accepted by the military judge, gave effect to a pretrial agreement negotiated by appellant and both his individual and his detailed military defense counsel. That agreement provided, *inter alia*, for the mitigation of a dishonorable discharge, if adjudged, to a bad-conduct discharge and the approval of all other sentencing provisions as adjudged, while further providing that any period of confinement adjudged in excess of eight months would be suspended for the term of

confinement actually served plus one year thereafter. In taking his action, the convening authority not only complied with the terms of this agreement but suspended for the agreed probationary term not only confinement in excess of six months but those forfeitures adjudged in excess of six months as well. Appellant now assigns two errors; we reject them and affirm.

## I

NOTWITHSTANDING THE SERIOUS NATURE OF THE OFFENSES, IN VIEW OF THE APPELLANT'S DESIRE TO REMAIN ON ACTIVE DUTY (R. 36), HIS PLEAS OF GUILTY, THE MILITARY JUDGE'S RECOMMENDATION FOR SUSPENSION OF THE BAD–CONDUCT DISCHARGE (R. 39), THE APPELLANTS [SIC] NEAR HONORABLE COMPLETION OF HIS ENLISTMENT AND THE ABUNDANT FAVORABLE EVIDENCE IN EXTENUATION AND MITIGATION (DEFENSE EXHIBITS A–L), AN UNSUSPENDED BAD–CONDUCT DISCHARGE IS INAPPROPRIATE AS A MATTER OF FACT, UNIFORM CODE OF MILITARY JUSTICE, ARTICLE 66(c), 10 U.S.C. § 866(c)

█ Despite the supplications of appellant's mother, his fiancee, his intended mother-in-law, a friend, and two shipmates, as well as the appellant himself, that he be forgiven his one mistake and given an opportunity to show again his worthiness to serve in the United States Navy, the offenses to which appellant plead guilty warrant his punitive discharge. In totality, the sentence is appropriate as a matter of fact; Article 66(c), Uniform Code of Military Justice; is neither so disproportionate or unfair nor such an abuse of the court's sentencing power as to cry out for additional sentence equalization; *United States v. Usry*, 9 M.J. 701 (NCMR 1980); and is certainly within the limits of what the appellant, with the aid of two capable counsel, concluded to be a fair sentence. *United States v. Hendon*, 6 M.J. 171, (CMA 1979); *United States v. Johnson*, 19 U.S.C.M.A. 49, 41 C.M.R. 49 (1969).

## II

THE RECORD OF TRIAL FAILS TO ESTABLISH WHETHER INDIVIDUAL MILITARY COUNSEL (R.9) WAS SERVED WITH OR OTHERWISE AFFORDED THE OPPORTUNITY TO COMMENT ON THE STAFF JUDGE ADVOCATE'S REVIEW. *SEE UNITED STATES V. CLARK*, 11 M.J. 70 (CMA 1981). *CF. UNITED STATES V. LANGLEY*, NO. 80 0930 (NCMR 24 MARCH 1981).

█ Citing *United States v. Clark*, 11 M.J. 70 (CMA 1981), appellant urges this Court to hold appellant to have been deprived of his post-trial rights under *United States v. Goode*, 1 M.J. 3 (CMA 1975), where the staff judge advocate served his review upon appellant's detailed military counsel rather than his individual military counsel. *Clark, supra*, is not dispositive of this issue, however, for three reasons. First, whereas the civilian counsel in *Clark, supra*, had conducted an active representation of the accused at all stages of his trial without the record showing a similar active participation by the assigned trial defense counsel, service of the review in the case *sub judice* was upon one of two military defense counsel who both actively participated in appellant's defense.

Second, Specialist Five Clark's civilian attorney stated by affidavit that he fully expected to fulfill his contractual, moral, and ethical obligations by preparing the *Goode* response himself but had been deprived of that right by the Government. Appellate defense counsel avers no such similar expectation of the individual military counsel in the case *sub judice*. To the contrary, appellant's appellate rights statement completed on his final day of trial indicates appellant's detailed defense counsel would be the counsel to examine the staff judge advocate's review for error.

Third, both military defense counsel involved in this case are located in the same Naval Legal Service Office command

whereas the attorneys in *Clark, supra*, conducted their practices an ocean and a continent apart. Not even the geographic separation of counsel which has been discounted by this Court as excuse for a lack of communication and cooperation between defense partners can be found to give even limited support to appellant's cause. *United States v. Langley*, No. 80 0930 (NCMR 24 March 1981).

Finally, this Court would look for guidance to the procedures suggested by Chief Judge Everett in *United States v. Robinson*, 11 M.J. 218, 224 (CMA 1981), to stem the proliferation of problems involving the service of staff judge advocate reviews on the wrong attorney. The two suggestions applicable to the circumstances found in the case *sub judice* first would have the military judge, when confronted with a trial in which two defense counsel have appeared, seek to establish on the record at the conclusion of the trial which attorney will have primary responsibility for preparing any *Goode* responses. Although *Robinson, supra*, was decided more than three months prior to this case, the suggested inquiry by the military judge was not accomplished.

We find the second applicable suggested procedure to provide sufficient guidance as to be dispositive of appellate defense counsel's claim of error, however. Chief Judge Everett has suggested that staff judge advocates, when faced with two military defense counsel and an absence of manifestation in the record of the allocation of their post-trial responsibilities, should endeavor to determine which counsel shall prepare the *Goode* response. Thereafter, the staff judge advocate "should reflect in his review or otherwise the basis for service on any attorney other than the *appointed defense counsel.*" *Robinson, supra*, at 224 (Emphasis added). As the record, in the guise of the appellate rights statement, does manifest the allocation of post-trial responsibilities to the appointed defense counsel, there is not reason to believe absent evidence to the contrary that the staff judge advocate below did not follow the Chief Judge's suggestion to the letter when referring service of his review upon the appointed defense counsel. Under the circumstances, there is an absence of any reason to believe service of the review on all defense counsel was necessary.

We do note several errors in the general court-martial order which require corrective action on the part of the convening authority in the form of a supplementary court-martial order, however. Specifications 1 and 2 of Charge I in the order show a reproduction of only one side each of the check reproduced in the charge sheet as the object of the alleged forgery and utterance. The charge sheet reproduces both sides of the check in its allegations and so should the order. The order further reflects Charge IV to be in the form as it existed prior to its amendment at trial, the existence of a Charge V which was never referred to trial, and Charge VI which was dismissed prior to the receipt of pleas for failure to state an offense. The specification under Charge IV was amended upon the motion of trial counsel prior to receipt of pleas. It should have been reproduced in the court-martial order in its amended form. Charges not referred to trial, such as Charge V, should not be made a part of the order. As to Charge VI, its dismissal and the reasons therefor should be noted in the plea so as to preclude unwarranted speculation. Paragraph 90, *Manual for Courts-Martial, 1969 (Rev.).*

Accordingly, the findings of guilty and sentence as approved and partially suspended on review below are affirmed.