**UNITED STATES**

v.

**Peter F. ROBINSON, 034 54 6134, Private (E–1), U.S. Marine Corps.**

**NMCM 84–0559.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 28 April 1983.

Decided 19 June 1984.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LT Marva J. Daniel, JAGC, USNR, Appellate Defense Counsel.

MAJ J.S. Uberman, USMC, Appellate Government Counsel.

Before GLADIS, Senior Judge, and CASSEL and GARVIN, JJ.

GLADIS, Senior Judge:

Appellant was found guilty by a special court-martial of violations of Uniform Code of Military Justice, Articles 91, 117, 128, and 134, 10 U.S.C. §§ 891, 917, 928, 934 and was sentenced to be confined at hard labor for six months, to forfeit $382.00 pay per month for six months and to be discharged from the Marine Corps with a bad conduct discharge. On appeal, he alleges that the charge of use of provoking words is multiplicious for the purpose of findings with the charge of assault with a dangerous weapon and that an unsuspended bad conduct discharge is inappropriately severe. We have examined the record, including trial defense counsel's reply to the staff judge advocate's review of the original trial, and have concluded that no error materially prejudicial to the accused was committed. However, although we find no merit in appellant's assignments of error, we comment on the issues in this case.

 While appellant may be correct in his assertion of multiplicity, we decline to dismiss a multiplicious charge that is not unreasonably multiplicious. *United States v. Davis*, No. 82 3529 (NMCMR 29 October 1982) (unpublished), *pet. denied*, 15 M.J. 279 (CMA 1983). We hold that, where a multiplication of charges is necessary for the purpose of exigencies of proof or any other similar, reasonable purpose, this court should not dismiss a charge solely for multiplicity, absent a showing of prejudice. *See United States v. Haywood*, 6 M.J. 604 (ACMR 1978). As we said in *Davis*, to do otherwise would create the possibility of dismissing what could ultimately become the only finding that could have been sustained upon further review. *See United States v. Roman-Luciano*, 13 M.J. 490 (CMA 1982).

We note and the government concedes that the mandate of *United States v.*

*Goode*, 1 M.J. 3 (1975) has not been satisfied in this case because substitute defense counsel, upon whom the staff judge advocate's review of the rehearing was served, neither established an attorney-client relationship with the accused nor contacted the civilian counsel who had represented the accused at that rehearing. *See United States v. Davis*, 5 M.J. 451 (CMA 1978); *United States v. Iverson*, 5 M.J. 440 (CMA 1978). We find no error in the review itself. Under the circumstances of this case we find that noncompliance with *Goode* has been waived by failure of appellate defense counsel to raise the issue by an assignment of error or in a reply to the Government's response to our order to show cause why the case should not be remanded for compliance with *Goode*. *Cf. United States v. Kincheloe*, 14 M.J. 40 (CMA 1982) (trial defense counsel's delay in complaining waived defects in compliance with *Goode*).

Accordingly, the findings of guilty and sentence as approved on review are affirmed.

Judge CASSEL and Judge GARVIN concur.