**UNITED STATES**

v.

**Juan F. BALDERAS, 552 31 2088, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 83–5349.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 17 Aug. 1983.

Decided 20 June 1984.

MAJ Patrick H. McGann, Jr., USMC, Appellate Defense Counsel.

LCDR Cynthia J. Clemens, JAGC, USN, Appellate Defense Counsel.

LT D.O. Vollenweider, III, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and CASSEL and GARVIN, JJ.

CASSEL, Judge:

Pursuant to his pleas appellant was convicted by a special court-martial composed of military judge alone of three specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice. He was sentenced on 17 August 1983 to be confined at hard labor for 80 days, forfeit $382.00 pay per month for three months, reduction to E–1 and a bad conduct discharge. On 19 August 1983 his detailed counsel submitted a clemency request for suspension of the bad conduct discharge. For some reason there was a delay in transcribing the record and it was not authenticated by the military judge until 28 October 1983. The convening authority on 31 October 1983, approved the sentence noting the clemency request. On the same day the supervisory authority's staff judge advocate requested appointment of a substitute defense counsel citing that the original counsel had detached the command on 14 October 1983, was presently on leave in Europe and would not be reporting to his new command, Headquarters Marine Corps until 26 November 1983. Thus he was "unavailable to effectively represent the accused and that appointment of substitute detailed defense counsel for the purposes of posttrial representation is necessary". On 5 November 1983 Captain M was appointed to represent appellant by the supervisory authority. The record indicates a copy was sent to Capt M and the appellant. The staff judge advocate's review, dated 1 November, was served on Capt M on 7 November 1983, who waived the waiting period and assigned no errors. The supervisory authority approved the sentence on 9 November 1983.

Before us appellant assigns four errors. They are:

## I

APPELLANT WAS IMPROPERLY DENIED THE SERVICES OF HIS TRIAL DEFENSE COUNSEL DURING THE POSTTRIAL REVIEW OF HIS CASE.

## II

SINCE SUBSTITUTE DEFENSE COUNSEL DID NOT ESTABLISH AN ATTORNEY–CLIENT RELATIONSHIP WITH APPELLANT, HIS PURPORTED REPRESENTATION OF ACCUSED IN RESPONDING TO THE REVIEW OF THE STAFF JUDGE ADVOCATE WAS IMPROPER. THUS, AS A MATTER OF LAW NO ONE REVIEWED THE STAFF JUDGE ADVOCATE'S REVIEW ON BEHALF OF APPELLANT.

## III

THE STAFF JUDGE ADVOCATE ERRED IN HIS REVIEW OF APPELLANT'S SPECIAL COURT-MARTIAL BY FAILING TO ADVISE THE SUPERVISORY AUTHORITY OF THE MAXIMUM IMPOSABLE SENTENCE. THE

SUPERVISORY AUTHORITY WAS THEREBY DENIED A SUFFICIENT FRAME OF REFERENCE WITHIN WHICH TO DETERMINE THE APPROPRIATENESS OF THE ADJUDGED SENTENCE AND APPELLANT'S REQUEST FOR CLEMENCY.

IV

A SENTENCE WHICH ENCOMPASSES A BAD CONDUCT DISCHARGE IS INAPPROPRIATE IN LIGHT OF APPELLANT'S DUTY IN THE U.S. MARINE CORPS (R. 22 AND CLEMENCY PETITION OF 19 AUGUST 1983), AND THE QUALITY OF HIS PRIOR MILITARY SERVICE.

While I find no merit in Assignments III and IV our action on Assignment II renders a discussion of the merits of Assignments I, III and IV unnecessary.

II

Assuming that the action in substitution of counsel was proper, *but see, United States v. Brown*, 5 M.J. 454 (C.M.A.1978), it is clear that Capt. M did not perform the duties required of a substitute defense counsel. *United States v. Iverson*, 5 M.J. 440 (C.M.A.1978). Appellant left on appellate leave on 15 November 1983 but he was available to consult with his substitute counsel from 5 November 1983 until that date.

Accordingly, the action of the supervisory authority is set aside. The record is returned to the Judge Advocate General for remand for a new review and action after compliance with *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

Senior Judge GLADIS and Judge GARVIN concur.