**UNITED STATES**

v.

**Dennis L. LEAHY, 263 82 0286, Captain (0–3), U.S. Marine Corps.**

**NMCM 84 1218.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence adjudged 15 Dec. 1983.

Decided 12 Feb. 1985.

LCDR Frederick N. Ottie, JAGC, USN, Appellate Defense Counsel.

LT Daniel Lippman, JAGC, USNR, Appellate Defense Counsel.

LCDR Jeffrey S. Sawtelle, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and COUGHLIN and CASSEL.

GLADIS, Senior Judge:

Contrary to his pleas, the accused was convicted by a general court-martial composed of members of assault consummated by a battery (two specifications) and conduct unbecoming an officer (two specifications) in violation of Articles 128 and 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 928, 933, and sentenced to a reprimand, restriction for two months, and forfeiture of $1598 per month for 3 months. The convening authority approved the sentence. Pursuant to Article 69, UCMJ, 10 U.S.C. § 869, the Judge Advocate General of the Navy forwarded the case to us for review under Article 66, UCMJ, 10 U.S.C. § 866, specifying the following issue:

> WHETHER A LIMITED HEARING, AS PROVIDED FOR IN *UNITED STATES V. DUBAY,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), IS REQUIRED TO DETERMINE THE CAPACITY OF THE SIGNATORY OF GENERAL COURT–MARTIAL AMENDING ORDER 11a–83 of 9 DECEMBER 1983. *SEE UNITED STATES V. COX,* NO. 79 0133 (N.C.M.R. 20 JULY 1979); *SEE ALSO UNITED STATES V. LANDRUM,* NO. 81 2499 (N.M.C.M.R. 26 FEBRUARY 1982).

We answer the specified issue in the negative, but modify the findings by dismissing a multiplicious specification; and affirm the remaining findings, but modify the sentence.

### The Amending Order

The modification in question to the order appointing the court-martial was signed by a person different from the one who signed the appointing order and does not explicitly show that the signer was empowered to execute the modification. Citing *United States v. Cox,* and *United States v. Landrum,* both *supra,* the accused contends that a *DuBay* hearing is necessary to determine the capacity of the signatory of the modification. Appellate Government counsel argues that a hearing is unnecessary, stating that in a telephone conversation with the staff judge advocate, he ascertained that the signatory of the modification had assumed command during the absence of the convening authority who had signed the original order appointing the court-martial and the referral of charges to that court. In deciding this issue in favor of the Government, we need not rely on appellate counsel's off the record telephone conversation and specifically decline to do so.

In *United States v. Dubay, supra,* the Court of Military Appeals found that, when a disputed factual issue cannot be settled on the basis of the record, resort by appellate bodies to settlement on the basis of conflicting *ex parte* affidavits is unsatisfactory. The Court held that the proper method of settlement is an evidentiary hearing before a trial judge who shall make findings of fact and conclusions of law on the basis of the evidence introduced there.

In *United States v. Cox, supra,* the modification to the order appointing the court-martial also was signed by a person different from the one who signed the appointing order and failed to show that the signer was empowered to execute the modification. This Court stated that if there were nothing more, it would be grounds for returning the record for a *DuBay* hearing as requested by the appellant. The Court found, however, that since the military judge had specifically inquired into the matter and trial counsel had represented, without dissent by the defense counsel or the appellant, that the signer of the modification had succeeded to command in the absence of the commanding officer, trial counsel's assurance, taken together with the presumption of regularity which attaches to official documents, was sufficient evidence of the status of the signer of the amendment.

In *United States v. Landrum, supra,* the modification to the order appointing the court-martial was signed by the "Executive Officer." Since his signing the modification as "Executive Officer" created an ambiguity and the military judge failed to inquire as to whether the Executive Officer had succeeded to command and was acting

as the Commanding Officer, this Court remanded the case for a limited hearing in order to resolve the issue.

 This case is distinguishable from *United States v. Landrum, supra,* in which the modification to the order appointing the court-martial was irregular on its face because it showed that the signatory signed it in a capacity in which he had no authority to sign it. Here there is no such irregularity on the face of the modification. The same 3d Marine Aircraft Wing letterhead is used in the original appointing order, the modification in question, and a final modification. In each instance the signature stands alone without further description, such as rank, or position, or by direction authority, thus indicating the signatory was empowered to act as Wing Commander. Additionally, the modification in question references the original appointing order, and the final modification references both the original order and its first modification, again indicating internal consistency of the documents and legitimacy of each signatory. Thus an evidentiary hearing to resolve a factual dispute is unnecessary because there is no factual dispute. We may presume the regularity that attaches to official documents in absence of any evidence to the contrary. *United States v. Centeno,* 17 M.J. 642, 660 (N.M.C.M.R.1983), *pet. denied* 17 M.J. 429 (C.M.A. 1984). In reaching this result, we recognize and specifically decline to follow the *dicta* to the contrary in *United States v. Cox, supra.* Therefore, we answer the specified issue in the negative.

*Reply to Staff Judge Advocate's Review*

 We note that the record of trial does not contain the comments of civilian defense counsel on the staff judge advocate's review, although they were considered by the convening authority. We ordered appellate Government counsel to produce the comments, but he has been unable to do so. Appellate defense counsel has not produced a copy of the comments for us, although he is aware of our order seeking the comments and civilian defense counsel has a copy of the comments. A defense counsel normally waives the right to submit such comments to the convening authority, if he does not make known his intention to do so in a timely manner. *See United States v. Kincheloe,* 14 M.J. 40, 43 (C.M.A.1982). Under the circumstances we find that the defense has waived the right to have this Court consider civilian defense counsel's comments. *Cf. United States v. Robinson,* 18 M.J. 635 (N.M.C.M.R.1984), *pet. den.* 19 M.J. 123 (C.M.A.1984).

*Multiplicity*

 The assault alleged in specification 1 of Charge I is multiplicious for the purposes of findings with the conduct unbecoming an officer alleged in specification 1 of Charge II. *United States v. Rodriquez,* 18 M.J. 363 (C.M.A.1984). We shall dismiss the former specification. The sentence is unaffected because the military judge instructed the members that the specifications were multiplicious for the purposes of sentencing.

 Accordingly, the findings of guilty of specification 1 of Charge I are set aside and that specification is dismissed. The remaining findings of guilty are affirmed. In view of the accused's outstanding record of long and honorable service, we find the adjudged forfeitures to be unduly severe. Therefore, only so much of the sentence as provides for a reprimand, restriction for 2 months, and forfeiture of $800.00 per month for 3 months is affirmed.

Judge COUGHLIN and Judge CASSEL concur.