**UNITED STATES**

v.

**Staff Sergeant Glenn F. ACTON, FR219–70–2502, United States Air Force.**

**ACM 28441.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 Dec. 1989.

Decided 2 July 1991.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, and Major Paul M. Dankovich.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni, Lieutenant Colonel Brenda J. Hollis, and Captain David G. Nix.

Before O'BRIEN, PRATT and McLAUTHLIN, Appellate Military Judges.

## OPINION OF THE COURT

O'BRIEN, Chief Judge:

Convicted of an indecent act with a female under 16 years of age and presenting a false travel claim, Staff Sergeant Glenn Acton was sentenced to confinement for three years, total forfeiture of all pay and allowances, reduction to the lowest enlisted grade, and a dishonorable discharge.

### I

■ Appellant was also charged with indecent acts and indecent liberties with the same female (his daughter) by taking showers with her and showing her a pornographic video tape which depicted incest. These specifications lacked an essential allegation of specific intent and were dismissed by the military judge on motion of the defense.[1]

Over defense objection, the military judge permitted the prosecution to present the evidence underlying those dismissed specifications, now uncharged misconduct, in support of the remaining charge of indecent acts, [of which the appellant was convicted]. The defense objected at trial and complains in this appeal that the admission of this evidence was improper. We disagree, and concur with the military judge's determination that this uncharged misconduct (which, on one occasion, occurred just hours before the charged misconduct), is evidence of appellant's plan and intent, and was therefore properly admitted. Mil.R. Evid. 404(b); *United States v. Mann*, 26 M.J. 1 (C.M.A.1988).

### II

■ Finding error in the sentencing phase of the trial, the convening authority directed a rehearing on sentence. The second proceeding adjudged the exact same sentence as the first. Appellant now requests that we direct yet another rehearing. He urges that the military judge did not properly explain his rights to counsel. There is merit to this claim.

At his first trial, appellant was represented by Captain B. At the rehearing, Captain R acted as his defense counsel. Although the military judge made the standard inquiry prescribed by R.C.M. 901(d)(4), Captain B's name was never mentioned. Among the allied papers filed with the record of trial is a letter from Captain B addressed to the staff judge advocates of both the special and the general court-martial convening authorities. It reads as follows:

Due to irreconcilable differences I have withdrawn from further representation of SSgt Glenn F. Acton. Captain [R], Circuit Defense Counsel, Randolph AFB, TX will be handling all post trial matters. I will authenticate the record of trial.

There is no indication on this letter or elsewhere in the record that appellant agreed with this withdrawal, or that any judge so ordered.

■ Once the attorney-client relationship between appellant and Captain B is established, it persists:

until substitute trial ... or appellate counsel have been properly designated and have commenced the performance of their duties, thus rendering further representation by the original trial defense attorney ... unnecessary. At such time, an application should be made to the judge or court then having jurisdiction of the cause to be relieved of the duty of further representation....

*United States v. Palenius*, 2 M.J. 86 (C.M. A.1977). The military attorney may not unilaterally withdraw.

■ The Court of Military Appeals has opined that "[a] rehearing is a continuation of the former proceeding." *United States v. Beatty*, 25 M.J. 311, 314 (C.M.A.1987). It would therefore seem clear that, in the

---

1. This deficiency was noted by the officer who conducted the Article 32 investigation, and she recommended an appropriate amendment. The staff judge advocate to the General Court–Mar-tial Convening Authority recommended against amendment, "In view of the evidentiary problems in establishing specific intent, and the fact that this case has already been delayed."

absence of a release from the judge, or the accused himself, the original military trial defense counsel would be expected to continue in that capacity in the course of any rehearing. As Chief Judge Everett has written:

> Usually, an accused is entitled to continue an attorney-client relationship that he has begun; and so, unless special circumstances exist, he should be represented at a rehearing by the same counsel who was furnished him at the initial trial. *cf. United States v. Gnibus*, 21 M.J. 1 (C.M. A.1985).

*United States v. Beatty*, 25 M.J. 311, 315 (C.M.A.1987).[2] If there was an improper severance of the attorney-client relationship between appellant and Captain B, it cannot be dismissed as nonprejudicial. *United States v. Edwards*, 9 M.J. 94 (C.M. A.1980).

This is a difficult issue because, while it is probable that the appellant acquiesced with the substitution of Captain R for his original trial defense counsel, Captain B, there is not in the record a sufficient basis to support such a finding,[3] and we are unable to accept the government's invitation to apply waiver. This is not a situation where we are evaluating an accused's rights to individual counsel, [and where a different set of rules apply]. Here there is an existing attorney-client relationship, which can only be severed by an express release from the accused, a judicial order, or other *good cause. United States v. Littlejohn*, 4 M.J. 651 (A.F.C.M.R.1977), *further review* 5 M.J. 637 (A.F.C.M.R. 1978), *aff'd* 7 M.J. 200 (C.M.A.1979); *United States v. Edwards, supra.*

Unfortunately, the record as presently constituted is insufficient to permit us to make an informed decision on this matter. In light of what we view as a not unrealistic possibility that Sergeant Acton agreed to Captain B's withdrawal from his case, we decline to hold their relationship was unlawfully severed without first making an effort to ascertain the actual terms of any understanding between the parties.

For the foregoing reasons, it is appropriate that a limited hearing be held for the purpose of developing this issue to the fullest possible extent. *United States v. Littlejohn, supra; United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). Accordingly, this case is returned to The Judge Advocate General for such action as may be required to assure that an impartial hearing is conducted. The hearing may be ordered by any convening authority designated by The Judge Advocate General for such purpose, and conducted before any military judge. At the conclusion of the hearing, the judge will make specific findings of fact to include, but not limited to, answers to the following questions:

1. Did Sergeant Acton consent to the withdrawal of Captain B?

2. If not, did Captain B secure his release from any appropriate judicial authority?

3. If not, was there any other good cause to sever the attorney-client relationship that existed between Sergeant Acton and Captain B?

A verbatim record will be made of the proceedings, which, following proper authentication, will be submitted to this court for further review.

Senior Judge PRATT and Judge McLAUTHLIN concur.

---

**2.** Judge Cox's disagreement with this opinion would appear to be limited to Chief Judge Everett's conclusion that additional charges at a rehearing provide an accused with a new and separate opportunity to request individual counsel.

**3.** We note that appellant is somewhat critical of Captain B in his clemency statement, and nowhere does it appear that he questioned the substitution.