**UNITED STATES**

**v.**

**Scott R. HULTGREN, 541 92 8354, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 93 01336.**

U.S. Navy–Marine Corps Court of Military Review.

Decided 27 May 1994.

LT Philip Sundel, JAGC, USNR, Appellate Defense Counsel.

LCDR Lyle H. Bowen, Jr., JAGC, USN, Appellate Government Counsel.

Before LARSON, C.J., and WELCH and McLAUGHLIN, JJ.

McLAUGHLIN, Judge:

Our original opinion in this case was unpublished (NMCM 93 01336, 22 April 1994). That opinion is hereby withdrawn.

The appellant was tried by general-court martial, military judge sitting alone, on 10 August 1992. In accordance with his pleas, he was convicted of unauthorized absence and wrongful distribution of methamphetamine in violation of Articles 86 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 912a. The appellant was sentenced to be confined for 18 months, to forfeit $600.00 pay per month for 18 months, to be reduced to pay grade E–1, and to be discharged from the Marine Corps with a dishonorable discharge. The convening authority approved the sentence as adjudged. The detailed defense counsel, Capt J, was

served with the appellant's copy of the record of trial on 13 December 1992. Thereafter, she was deployed overseas to Somalia for an indefinite period of time. A substitute defense counsel, Capt K, was detailed to represent the appellant for post-trial review of his case. The Government concedes that the substitution of defense counsel was not done at the request of or with the consent of the appellant.

The staff judge advocate's recommendation, dated 18 February 1993, was served on the substitute defense counsel on 11 March 1993. Rule for Courts–Martial (R.C.M.) 1106, Manual for Courts–Martial, United States, 1984. At trial, when asked what his preference was regarding the service of his copy of the staff judge advocate's recommendation, the appellant stated that it should be served on "Captain J[ ], sir." Record at 40. On 26 March 1993, the substitute defense counsel submitted a clemency petition on behalf of the appellant. The staff judge advocate submitted an addendum to his recommendation on 25 May 1993 referencing the clemency petition submitted by the substitute defense counsel. The convening authority took his action in the appellant's case on 26 May 1993. In taking his action, the convening authority stated that he considered, *inter alia*, the clemency petition submitted by the substitute defense counsel.

The appellant has assigned eight errors in his case.[1] The first issue, dealing with an improper denial of the services of the de-

---

1. I. APPELLANT WAS IMPROPERLY DENIED THE SERVICES OF HIS TRIAL DEFENSE COUNSEL DURING THE POST-TRIAL REVIEW OF HIS CASE.

II. SINCE SUBSTITUTE TRIAL DEFENSE COUNSEL DID NOT ESTABLISH AN ATTORNEY-CLIENT RELATIONSHIP WITH APPELLANT THAT COUNSEL'S POST-TRIAL REPRESENTATION OF APPELLANT IS VOID.

III. EIGHTEEN MONTHS CONFINEMENT AND A DISHONORABLE DISCHARGE ARE BOTH INAPPROPRIATELY SEVERE PUNISHMENTS GIVEN THE NATURE OF APPELLANT'S OFFENSES, THE CHARACTER OF APPELLANT'S PRIOR SERVICE, AND THE FACT THAT APPELLANT ASSISTED THE GOVERNMENT IN PROSECUTING OTHER ACCUSED.

IV. THE COURT-MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (FOOTNOTE OMITTED.)

V. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. (FOOTNOTE OMITTED.)

VI. APPELLANT'S COURT-MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (FOOTNOTE OMITTED.)

VII. THIS COURT DOES NOT HAVE THE POWER TO REVIEW APPELLANT'S CASE BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE. (FOOTNOTE OMITTED.)

VIII. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF NAVY-MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS VIOLATES APPELLANT'S RIGHT TO AN IMPARTIAL JUDICIAL FORUM. (FOOTNOTE OMITTED.)

tailed defense counsel is without merit. Assignment of Error II has merit and warrants relief. Because of our action on Assignment of Error II, it is premature to address Assignment of Error III.

## SEVERANCE OF ATTORNEY–CLIENT RELATIONSHIP

The U.S. Court of Military Appeals has signalled that the attorney-client relationship is not indestructible; however, the relationship cannot be arbitrarily severed. More than mere convenience of the Government is necessary to sever that relationship without a knowing and voluntary severance by the client. *United States v. King*, 30 M.J. 59, 62 n. 3 (C.M.A.1990); *United States v. Baca*, 27 M.J. 110, 118 (C.M.A.1988); *United States v. Clark*, 11 M.J. 70 (C.M.A.1981); *United States v. Edwards*, 9 M.J. 94 (C.M.A. 1980); *United States v. Iverson*, 5 M.J. 440, 442–43 (C.M.A.1978).

R.C.M. 505 provides, in part:

(d) *Changes of detailed counsel.*

.    .    .    .    .

(2) *Defense counsel.*

.    .    .    .    .

(B) *After formation of attorney-client relationship.* After an attorney-client relationship has been formed between the accused and the detailed defense counsel or associate or assistant defense counsel, an authority competent to detail such counsel may excuse or change such counsel only:

.    .    .    .    .

(iii) For other good cause shown on the record.

R.C.M. 505(d)(2)(B)(iii). "Good cause" is defined as including "military exigency, and other extraordinary circumstances which render the . . . counsel . . . unable to proceed with the court-martial *within a reasonable time.*" R.C.M. 505(f) (emphasis added); *cf. United States v. Hanson*, 24 M.J. 377 (C.M.A.1987) (the attorney-client relationship may be severed for good cause shown). The appellant has also complained of the 2 months it took to authenticate the record of trial and another 4 months to issue the staff

judge advocate's recommendation. We find nothing inordinate in this delay, and there is no evidence that it was deliberately calculated to interfere with the appellant's attorney-client relationship with the detailed defense counsel. After all, the appellant's case "is not the only game in town, nor the accused the only person for whom a given commander [or staff judge advocate] is responsible." *United States v. Lilly*, 22 M.J. 620, 623 (N.M.C.M.R.1986). We further find that the deployment of the detailed defense counsel to Somalia was a military exigency and extraordinary circumstance under R.C.M. 505, and that the detailing authority would have been remiss in his or her duties *not* to detail a substitute.

## SUBSTITUTE POST–TRIAL DEFENSE COUNSEL

As his second assignment of error, the appellant has averred that the substitute defense counsel did not establish an attorney-client relationship with him because the substitute defense counsel did not contact him. In its brief, the Government also states that the substitute defense counsel did not contact the appellant, but did use the detailed defense counsel's case file to prepare a clemency petition for appellant. We conclude that the substitute defense counsel did not communicate with the appellant and, therefore, the required post-trial attorney-client relationship did not exist. *Baca*, 27 M.J. 110 (C.M.A.1988); *Iverson*, 5 M.J. 440 (C.M.A.1978); *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977). There is no evidence that the appellant knew that Capt J did not receive a copy of the staff judge advocate's recommendation. The lack of an attorney-client relationship between substitute defense counsel and the appellant compels us to set aside the convening authority's action. *United States v. Balderas*, 18 M.J. 636 (N.M.C.M.R.1984); *United States v. Robinson*, 18 M.J. 635 (N.M.C.M.R.), *petition denied*, 19 M.J. 123 (C.M.A.1984).

Assignments of error IV through VIII are without merit. *Weiss v. United States*, —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); *United States v. Mitchell*, 39 M.J. 131 (C.M.A.1994).

Accordingly, the convening authority's action is set aside and the record is returned to the Judge Advocate General for remand to a new convening authority for a new staff judge advocate's recommendation and convening authority's action in compliance with R.C.M. 1106 and 1107. We expect that the post-trial defense counsel will endeavor to communicate with the appellant to establish an attorney-client relationship before deciding what, if any, post-trial action to take and what, if any, response will be made to the staff judge advocate's recommendation. The post-trial defense counsel's efforts in this regard will be set forth in a statement attached to the record. The record will then be returned to this Court for further review under Article 66(c), UCMJ, 10 U.S.C. § 866(c).